In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.

(Eight Cases.)

Rosemary MENARD–SANFORD; Karen Valenzuela; Constance Miller Engelsberg; Nancy Lauri Adams; Carolyn Harris, Claimants–Appellants,

v.

Ralph R. MABEY; The Official Committee of Equity Security Holders; The Official Unsecured Creditors Committee of A.H. Robins Company, Incorporated; Stanley K. Joynes, III, Legal Representative of the Future Tort Claimants of A.H. Robins Company, Incorporated, Parties-in-interest,

A.H. Robins Company, Incorporated, Debtor–Appellee.

Donna OBERG, et al., Claimants–Appellants,

v.

The OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS; The Official Unsecured Creditors Committee of A.H. Robins Company, Incorporated; Stanley K. Joynes, III, Legal Representative of the Future Tort Claimants of A.H. Robins Company, Incorporated, Parties-in-interest,

A.H. Robins Company, Incorporated, Debtor–Appellee.

Albert L. SIVLEY, Claimant–Appellant,

v.

The OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS; The Official Unsecured Creditors Committee of A.H. Robins Company, Incorporated; Ralph R. Mabey; Stanley K. Joynes, III, Legal Representative of the Future Tort Claimants of A.H. Robins Company, Incorporated, Parties-in-interest,

A.H. Robins Company, Incorporated, Debtor–Appellee.

Diana BROSCO; Catherine Crawford; Mary Fischer, et al., Claimants–Appellants,

v.

The OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS; The Official Unsecured Creditors Committee of A.H. Robins Company, Incorporated; Ralph R. Mabey; Stanley K. Joynes, III, Legal Representative of the Future Tort Claimants of A.H. Robins Company, Incorporated, Parties-in-interest,

A.H. Robins Company, Incorporated, Debtor–Appellee.

Lynn SCOTT; Carol Lopez, et al., Claimants–Appellants,

v.

The OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS; The Official Unsecured Creditors Committee of A.H. Robins Company, Incorporated; Ralph R. Mabey; Stanley K. Joynes, III, Legal Representative of the Future Tort Claimants of A.H. Robins Company, Incorporated, Parties-in-interest,

A.H. Robins Company, Incorporated, Debtor–Appellee.

Elaine CUMLEY; Laura Jones; Jean Abad, et al., Claimants–Appellants,

v.

The OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS; The Official Unsecured Creditors Committee of A.H. Robins Company, Incorporated; Ralph R. Mabey; Stanley K. Joynes, III, Legal Representative of the Future Tort Claimants of A.H. Robins Company, Incorporated, Parties-in-interest,

A.H. Robins Company, Incorporated, Debtor–Appellee.

Alexia ANDERSON, et al., Claimant–Appellant,

v.

Stanley K. JOYNES, III, Legal Representative of the Future Tort Claimants of A.H. Robins Company, Incorporated; The Official Committee of Equity Security Holders; The Official Unsecured Creditors Committee of A.H. Robins Company, Incorporated; Ralph R. Mabey, Parties-in-interest,

A.H. Robins Company, Incorporated, Debtor–Appellee.

Alexia ANDERSON, et al., Claimant–Appellant,

v.

The OFFICIAL UNSECURED CREDITORS COMMITTEE OF A.H. ROBINS

COMPANY, INCORPORATED; The Official Committee of Equity Security Holders; Ralph R. Mabey; Stanley K. Joynes, III, Legal Representative of the Future Tort Claimants of A.H. Robins Company, Incorporated, Parties-in-interest,

A.H. Robins Company, Incorporated, Debtor–Appellee.

Nos. 88–1750, 88–1754, 88–1756, 88–1758 to 88–1760, 88–1763 and 88–3602.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1988.

Decided June 16, 1989.

Alan B. Morrison (Linda Donaldson, Public Citizen Litigation Group, Washington, D.C., on brief), for claimants-appellants.

James Crawford Roberts (James S. Crockett, Jr., Mays & Valentine, Richmond, Va., Dennis J. Drebsky, Alesia Ranney–Marinelli, Kirk C. Loos, Skadden, Arps, Slate, Meagher & Flom, New York City, Ralph D. Pittle, Medical Legal Consultants of Washington, Seattle, Wash., John T. Baker, Bragg & Dubofsky, Denver, Colo., Joseph McDowell, Ill, Cullity, Kelley & McDowell, Manchester, N.H., W. Bradley

Post, Post, Syrios & Bradshaw, Wichita, Kan., Frederic A. Bremseth, Doshan, Lord & Bremseth, Wayzata, Minn., Murray Drabkin, Cadwalader, Wickersham & Taft, Washington, D.C., Harold S. Novikoff, Wachtell, Lipton, Rosen & Katz, New York City, Henri E. Norris, Stanley K. Joynes, III, Rilee, Cantor, Arkema & Edmonds, Richmond, Va., Robert M. Miller, Berlack, Israels & Liberman, New York City, John S. Kinzey, Jr., Steven J. McCardell, Leboeuf, Lamb, Leiby & MaCrae, Salt Lake City, Utah, on brief), for debtor-appellee.

Before RUSSELL, WIDENER, and CHAPMAN, Circuit Judges.

WIDENER, Circuit Judge:

On July 26, 1988, the bankruptcy court and the district court jointly confirmed the "Sixth Amended and Restated Plan of Reorganization" (the Plan) submitted by A.H. Robins Company, Inc. (Robins). *In Re A.H. Robins Co. Inc.*, 88 B.R. 742 (E.D.Va. 1988). Rosemary Menard–Sanford and certain other personal injury claimants, who voted against the Plan, appeal. They challenge the district court's approval of the disclosure statement, the district court's use of a one claimant one vote voting procedure, the district court's feasibility finding, and a certain injunction found in the Plan. We affirm.

On August 21, 1985, Robins filed a petition for reorganization relief under Chapter 11 of the Bankruptcy Code. For an explanation of the details surrounding Robins' bankruptcy and some of the resulting litigation, see the district court's opinion in *In Re A.H. Robins Co., Inc.*, 88 B.R. 742 (E.D.Va.1988), and our other published opinions regarding this bankruptcy.[1]

On April 1, 1988, the district court approved the "Sixth Amended and Restated Disclosure Statement". The appellants argue that the disclosure statement does not contain adequate information. 11 U.S.C. § 1125(b) requires that before solicitation of approval or disagreement of a plan of reorganization the disclosure statement must contain "adequate information" and be approved by the court. 11 U.S.C. § 1125(a)(1) defines "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." The determination of whether the disclosure statement has adequate information is made on a case by case basis and is largely within the discretion of the bankruptcy court. *In the Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir.1988), cert. denied, —— U.S. ——, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988). The challenged disclosure statement began its 261 pages of information with a thorough summary of the complex plan in terms that almost anyone could understand. It explained, among much more, the amount to be put into trust and made available for the payment of claims, the various estimates of how much money was required, a warning that the funds furnished to pay the estimates might not be enough to pay all claims in full, the

1. *In Re A.H. Robins Co. Inc.*, 880 F.2d 769 (4th Cir.1989); *In Re A.H. Robins Co. Inc.*, 880 F.2d 709 (*Breland* settlement) (heard Dec. 6, 1988) (4th Cir.1989); *In Re A.H. Robins Co. Inc.*, 862 F.2d 1092 (4th Cir.1988); *In Re A.H. Robins Co. Inc.*, 846 F.2d 267 (4th Cir.1988); *Maressa v. A.H. Robins Co. Inc.*, 839 F.2d 220 (4th Cir. 1988), cert. denied, —— U.S. ——, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988); *Grady v. A.H. Robins Co. Inc.*, 839 F.2d 198 (4th Cir.1988), cert dismissed, —— U.S. ——, 109 S.Ct. 201, 101 L.Ed.2d 972 (1988); *Official Committee of Equity Security Holders v. Mabey*, 832 F.2d 299 (4th Cir.1987), cert. denied, —— U.S. ——, 108 S.Ct. 1228, 99 L.Ed.2d 428 (1988); *Beard v. A.H. Robins Co. Inc.*, 828 F.2d 1029 (4th Cir.1987); *In Re A.H. Robins Co. Inc.*, 828 F.2d 1023 (4th Cir.1987), cert. denied, —— U.S. ——, 108 S.Ct. 1246, 99 L.Ed.2d 444 (1988); *Committee of Dalkon Shield Claimants v. A.H. Robins Co. Inc.*, 828 F.2d 239 (4th Cir.1987); *Van Arsdale v. Clemo*, 825 F.2d 794 (4th Cir.1987); *Vancouver Women's Health Soc. v. A.H. Robins Co. Inc.*, 820 F.2d 1359 (4th Cir.1987); *In Re Beard*, 811 F.2d 818 (4th Cir. 1987); and *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). See addendum for listing of parties and Dalkon Shield claim numbers.

sources of funding, an explanation of the various funding provisions which depended on the outcome of various appeals, how claims would be handled, the four options for processing claims and the background of the case. The disclosure statement continued with a discussion of the Robins company, the Dalkon Shield, various litigation regarding the Dalkon Shield, the reorganization, the proposed merger with American Home Products Corporation (AHP), the historical stock values of both AHP and Robins, and federal income tax consequences. The final part of the disclosure statement contains actual copies of the Plan, the Claimants Trust Agreement, the Other Claimants Trust Agreement, the Claims Resolution Facility, the Merger Agreement, Aetna's additional insurance policy, AHP's Annual Report, the Liquidation Analysis and biographies of the proposed Trustees.

The appellants contend that the disclosure statement is misleading because it contains a statement that in order to approve the Plan the district court must make a finding that the Plan contains enough money to satisfy all claims in full. They point out that in reality there may not be enough money to cover all claims. The disclosure statement, however, makes that clear to the claimants. It states that "if the Court's estimate turns out to be too low, Robins will not have to make any more money available to pay claims. In addition, the Plan would generally take away your right to recover for Dalkon Shield injuries against any other parties." The disclosure statement later repeats that thought in explicit terms: "[e]stimation is not an exact science. The money available to pay Dalkon Shield claims may prove to be more or less than the actual value of such claims. If the estimation decision underestimated the value of the claims, there may not be enough money for the Claimants Trust to pay all claims in full." Thus, we think appellants' contention is without merit.

The appellants' principal challenge to the disclosure statement, however, is that it is inadequate because it does not contain ranges of recovery for claimants with specified injuries. The disclosure statement notes that "[t]here is no certain way to predict the amount that you could receive under option 3. Each claim is different. Factors that affect the value of a claim include the nature of the injury, the medical evidence available to prove the injury, the medical evidence to prove Dalkon Shield use, the presence of other causes of your injury, how long ago you were injured, and what steps you took to enforce your legal rights after your injury became apparent." There is no requirement in case law or statute that a disclosure statement estimate the value of specific unliquidated tort claims. In fact, with so many various unliquidated personal injury claims which vary so much in the extent and nature of injury, medical evidence and causation factors, any specific estimates may well have been more confusing than helpful and certainly would be more calculated to mislead. Given the quantity and quality of the information in the disclosure statement we can not say that the district court abused its discretion in finding that it contained "adequate information."

The appellants next challenge the legality of the voting procedure used to confirm the Plan. The difficulty surrounding the voting procedure resulted from the 195,000 unliquidated claims for personal injuries (Dalkon Shield Claims). The controlling legal provisions for the reorganization include 11 U.S.C. § 1126(a) which provides that a "holder of a claim or interest allowed under section 502 of this title" is entitled to vote on the acceptance of a plan. 11 U.S.C. § 502(a) provides that a claim filed "is deemed allowed unless a party in interest" objects. Robins objected to all the Dalkon Shield Claims. B.R. 3018(a) provides that "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." The district court, after notice and a hearing, ordered that, for purposes of voting, each Dalkon Shield Claim was estimated and allowed to be equal. It found, fully supported by the record, that any attempt to evaluate each of the 195,000 individual claims for voting

purposes would cause intolerable delay. The challenge to the voting procedure relies on 11 U.S.C. § 1126(c) which requires that for a plan to be approved by a class the creditors "that hold at least two-thirds in amount and more than one-half in number" accept the plan. The argument is that § 1126(c) requires use of a weighted voting method which estimates the value of the claims and gives larger claims more votes.

■ We do not decide whether the district court's voting procedure violated § 1126(c) because, in view of the outcome of the vote, the challenged procedure was at most harmless error. 139,605 claimants voted. Of that 131,761 (94.38%) voted in favor of the Plan. In *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 641–647 (2d Cir. 1988),[2] the district court, faced with 52,440 unliquidated personal injury claims, assigned each claim the value of one dollar for voting purposes. 95.8% of those claims voted to approve the plan. The Second Circuit in reviewing the decision did not decide whether the equal voting plan was error and decided instead that the alleged irregularities were at most harmless error. Given that 94.38% of the Dalkon Shield Claimants voted for the Plan, we hold that, at most, harmless error was committed.[3]

Appellants' next point on appeal is that the district court erred in finding that the Plan complied with 11 U.S.C. § 1129(a)(7)(A)(ii) which requires that an impaired class of claims such as the Dalkon Shield claimants must "receive ... under the Plan ... property of a value ... that is not less than the amount that ... [they would] receive ... if the debtor were liquidated under Chapter 7" and § 1129(a)(11) which requires that confirmation is not likely to be followed by liquidation or the need for further reorganization. This latter is called the feasibility requirement.

Both such complaints are based on the "same source: the failure of the district court to break out the components of the $2.475 billion figure." The argument is that since the figure was not broken down, if it turned out to be too low, then the Plan would not be feasible because it could not pay all the claimants in full, which, as the appellants note, is an assumption of the Plan and the disclosure statement. The appellants thus complain about the same fact again, except in slightly different context. In all events, we think there is no merit to the claim, but that the care the district court took in arriving at its estimate deserves mention.

The challenged findings are based on an estimation process that the district court undertook as a result of our decision in *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir.1986), cert. denied 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). In *Piccinin*, we stated that due to the large number of unliquidated claims that if each claim was tried the process itself "would likely consume all the assets of the debtor." *Id.* We suggested that the bankruptcy court "arrive at a fair estimation of the value of all the claims." *Id.* To assist in the estimation process, the district court appointed Professor Francis E. McGovern, who was familiar with such mat-

2. We have previously noted the "striking similarity both factually and on the legal issues" of the *Robins* and *Johns–Manville* cases. *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994, 1007 (4th Cir.1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).

3. We are not persuaded by the argument that the 5.62% NO votes were from the claimants with the largest claims, that being necessary of course to make up more than one-third of the claims in amount. The argument goes that such claimants have the most to gain from a rejection of the Plan, but that proposition, we think, is not only supported by no evidence, it is not supported by logic, and is no more likely than the fact that the largest claimants have the most to lose by a rejection of the Plan. Indeed, it would seem that the latter is the more likely if one must choose between the two. Appellants take no exception to the findings of the district court that the liquidation value of the company is considerably less than its value in reorganization, and the part allocated to the claims of the Dalkon Shield claimants is considerably less, $2.5+ billion under the Plan as opposed to $1.6+ in liquidation. So, with a rejection of the Plan which resulted in liquidation, the largest claimants would be the biggest losers. We remain convinced, in view of the 94.38% affirmative vote, that had a weighted voting system been practicable and utilized, the required two-thirds in amount would have approved the Plan. It follows that the error, if any, is harmless.

ters, as the court's expert to develop a data base regarding Dalkon Shield Claims. The Dalkon Shield Claimant's Committee, the Unsecured Creditor's Committee, the Future Claimant's Representative, the Equity Security Holder's Committee, Robins and Aetna all had experts to assist Professor McGovern. The data base included the results of a two page "Dalkon Shield Questionnaire and Claim Form" from more than 195,000 claimants. It also contained roughly 6,000 responses to a fifty page, "McGovern Survey Questionnaire" and medical records from a random sample of 7,500 claimants. The data collection process lasted more than a year and a half. Each of the experts hired by the various parties used the basic data in various ways to arrive at an estimation.

The district court conducted an estimation hearing from November 5, 1987 to November 11, 1987. At the hearing the parties' various experts testified. The district court considered that the testimony of the various experts estimated the claims as follows: Robins'—.8 to 1.3 billion, Equity Security Holders'—1.03 billion, Unsecured Creditors'—1.54 billion, Aetna's'—2.2 to 2.5 billion, and the Dalkon Shield Claimants'—4.2 to 7 billion. The district court decided that the proper estimate was 2.475 billion.[4]

At this point it is well to relate somewhat more fully the procedure used in arriving at the estimate found by the district court. As the district court noted, the testimony as to the estimated recovery value of the Dalkon Shield claims ranged from 600 million to 7 billion dollars. The testimony with respect to the 7 billion dollar figure, however, was not credited by the court.

Professor McGovern was assisted by the experts mentioned representing each of the interests involved in this case, and the procedural steps which were taken were all done by consensus among the experts representing all of the interests, so that the conclusions which the various experts drew from the evidence or the findings of the court from the evidence were the only things left open to exception.

As has been previously mentioned from time to time in the reports of these cases, the district court entered a bar date on claims and prescribed a very informal method of advising the court that a claim was being filed. The bar date of course limited the potential claimants. From these potential claimants, there were eliminated, by standard statistical and analytical methods, about one-third of the initial claims which had been filed. A detailed analysis of those claims not eliminated was performed by sending the detailed questionnaire previously mentioned to a randomly selected sample of several thousand of the claims remaining. The questionnaire asked for information, which, in the most general sense, was received back, concerning the insertion of the Dalkon Shield in the claimant and the nature of the claimant's injuries, including verification by way of medical records where possible.

A detailed analysis of all of the responses was then performed by the expert witnesses who testified in the case. A good example of competent testimony was that of Dr. Francine F. Rabinovitz, who testified on behalf of Aetna. We illustrate with her testimony because her conclusions more nearly match the conclusions of the district court than any other single witness offered. She took the returned questionnaires as a representative sample and weeded out those, for example, with no medical proof of use of the Dalkon Shield. As a further example, she classified the claims into those with and without complications and the nature of the injuries claimed. She took a further random sample of the claims as she had divided them up and got three Aetna claims adjusters who had been experienced in the actual adjustment of Dalkon Shield claims and instructed those adjusters to set a value on a sample of the claims she referred to them, considering that there was liability, so the only thing the adjusters had to con-

---

**4.** We note that the district court's figure was within the range of the second highest estimation—that of Dr. Francine F. Rabinovitz, the expert for Aetna. The district court repeatedly rejected the credibility of the expert for the Dalkon Shield Claimants, the only expert with a higher estimation than Dr. Rabinovitz.

sider in setting a value on a claim was the nature of the injury and of course the proof required and the attendant expenses. The adjusters were instructed not to place a low estimate on the claims. Dr. Rabinovitz, by using this method, drew the conclusion that the compensation necessary, assuming that documentation that use of the Dalkon Shield were a prerequisite, would be in excess of 1.9 billion dollars, and, assuming that documentation would not be a prerequisite, a sum in excess of 2.4 billion dollars. To these sums, she would have added modest payments to all active claimants, whatever the merit of such claims, and 50 million dollars as a reserve against future injuries, which made her figures for documented injuries at slightly more than 2.0 billion dollars and for undocumented injuries slightly more than 2.5 billion dollars. Dr. Rabinovitz further concluded that she thought there might be a considerable reduction from disallowance of claims and that she would reasonably anticipate the total indemnity of the obligation to be 2.2 to 2.3 billion dollars. That some reduction is not unreasonable is illustrated by a remark we have come across in the record that one claimant apparently said she took two Dalkon Shields a day.

■ From our brief recital of a small part of the evidence before the district court, we see that its finding of 2.475 billion dollars as the estimate to include all Dalkon Shield claims is not clearly erroneous under Rule 8013. Indeed, we think the district court would have been quite justified in accepting Dr. Rabinovitz' testimony, so appellants may not complain about the district court's arrival at a somewhat higher figure.

Finally, the appellants challenge as without the power of the bankruptcy court the portion of the Plan which requires the injunction of suits that have connection to the Dalkon Shield, against certain entities other than Robins. Robins argues that the injunction is a proper exercise of the dis-

trict court's power to channel claims to a specific *res* or alternately that the injunction is proper because 94.38% of the claimants voted for the Plan and thereby consented to the injunction. We affirm, but our reasoning differs somewhat from that of Robins, although its position, of course, should enter into consideration. The suits in question which some of the appellants wish to bring are against Robins' directors, Robins' and Aetna's attorneys, and Aetna, seeking to hold them as joint tortfeasors with Robins for Dalkon Shield injuries.

We begin our discussion by considering the impact of our decision in *In Re: A.H. Robins Company Inc.*, 88–1755(L) (*Breland* settlement), decided this date, on this challenge to the Plan's injunction. In *Breland,* we affirmed the district court's certification of a mandatory non-opt-out class for members of class A and a class which allows an opt-out for compensatory damages for members of class B. Class A is defined as those Dalkon Shield claimants who met the filing deadlines of the district court and therefore have a non-subordinated claim against the trust fund set up for the claimants in the Robins' reorganization. Class B is defined as those Dalkon Shield claimants who did not meet the filing deadline or like procedural requirements and are therefore not eligible for a non-subordinated recovery from the trust fund for reasons not related to the abstract merits of the claims. The *Breland* settlement, however, provided all class B claimants with a second chance to pursue their Dalkon Shield claims by staying in the class and applying to the Claims Resolution Facility.[5] For class B members the merits of their Dalkon Shield claims would be determined in the same method as is in place to determine class A members' claims except they would have no right to a jury trial. Their claims would be paid by the two Outlier policies issued by Aetna which pro-

---

5. All claimants, both class A and B, are seeking to recover for injuries caused by use of the Dalkon Shield. The class B claimants were barred from non-subordinated recovery from the trust fund set up by the debtor generally because they failed to file in time. They turned to alternative defendants, which they allege are joint-tortfeasors, for recovery for their Dalkon Shield claims.

vide for $100,000,000 to pay such claims.[6] No party challenges the adequacy of the Outlier policies to pay the class B claims. We therefore are entitled to and do assume that the claims of all class B claimants who wish to have the merits and amount of their claims ascertained by the Claims Resolution Facility will be fully satisfied. However, the *Breland* settlement, in conjunction with the Plan, did not force the class B claimants who chose to opt-out to stay within the settlement. They could elect to forgo the benefits of the settlement and retain their right to sue Aetna and to sue medical providers for malpractice.[7] In *Breland*, we also approved the class action settlement, which expressly bars the members of class A and the members of class B who did not opt-out from further prosecuting their Dalkon Shield claims other than pursuant to the terms of the settlement. Given this bar from pursuing compensation for their Dalkon Shield injuries, other than pursuant to the order, the injunction complained of has no real effect on the rights of members of class A and the members of class B who have not exercised their right to opt-out.

The Plan's injunction, therefore, only has real impact upon members of Class B who have elected to opt-out of the *Breland* settlement. The injunction under sections 1.85 and 8.04 of the Plan prevents these claimants from suing all third parties other than "insurer[s]" (which includes Aetna) and claims based exclusively on medical malpractice. The class B members who have elected to opt-out, it is remembered, claim to have causes of action as joint tortfeasors with Robins against Robins' directors, Aetna, and law firms who represented both Robins and Aetna. A suit against any of the parties mentioned by the class B opt-out members would affect the bankruptcy reorganization in one way or another such as by way of indemnity or contribution. See *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994 (4th Cir.1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). And, in all events, provision for payment in full of all class B claimants has been made.

Bankruptcy courts are courts of equity. See *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527, 104 S.Ct. 1188, 1196, 79 L.Ed.2d 482 (1984). 11 U.S.C. § 105(a) gives a bankruptcy court the power to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title," and confers equitable powers upon the bankruptcy courts. *In Matter of Old Orchard Inv. Co.*, 31 B.R. 599 (W.D.Mich.1983). Given the impact of the proposed suits on the bankruptcy reorganization and the fact that the class B members who chose to opt-out could have had their claims fully satisfied by staying within the settlement, the bankruptcy court's equitable powers support the questioned injunction. We think the ancient but very much alive doctrine of marshalling of assets is analogous here. A creditor has no right to choose which of two funds will pay his claim. The bankruptcy court has the power to order a creditor who has two funds to satisfy his debt to resort to the fund that will not defeat other creditors. *Columbia Bank for Cooperatives v. Lee*, 368 F.2d 934, 939 (4th Cir. 1966), cert. denied, 386 U.S. 992, 87 S.Ct. 1308, 18 L.Ed.2d 338 (1967); *IV Minor's Institutes* 1248 (1883). Here, the carefully designed reorganization of Robins, in conjunction with the settlement in *Breland*, provided for satisfaction of the class B claimants. However, some chose to opt-out of the settlement in order to pursue recovery for their injuries from Aetna or from medical providers for malpractice. It is

---

6. In addition to the $100,000,000 total of the Outlier policies, if there is excess coverage under the $250,000,000 Primary Excess Policy, it becomes an excess layer policy to the Outlier policies. This, as well as the participation of class B claimants in any excess of the trust fund, provides possible additional layers of protection to the class B claimants. Since there is no challenge to the adequacy of the funds made available to class B claimants we do not address

the legal or factual strength of their claims. The district court, in its order approving the *Breland* settlement, found the claims against Aetna to be weak both factually and legally.

7. There are approximately 111,000 class B claims, and only 2,960 exercised their right to opt-out.

essential to the reorganization that these opt-out plaintiffs either resort to the source of funds provided for them in the Plan and *Breland* settlement or not be permitted to interfere with the reorganization and thus with all the other creditors. Since they have chosen opt-out rather than payment in full, they may have no complaint about a restriction placed on their ability to sue others. Permitting a suit by them in violation of the Plan is a defeat of the Plan and a resulting defeat of the other creditors. "Particularly since the insurance settlement/injunction arrangement was essential in this case to a workable reorganization, it falls within the bankruptcy court's equitable powers 'which traditionally have been invoked to the end that ... substance will not give way to form, that technical considerations will not prevent substantial justice." *MacArthur Co. v. Johns–Manville Corp.*, 837 F.2d 89, 94 (2nd Cir.1988), cert. denied, —— U.S. ——, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988), quoting *In re U.N. R. Industries, Inc.*, 725 F.2d 1111, 1119 (7th Cir.1984).

The appellants finally contend that 11 U.S.C. § 524(e) prohibits the injunction. Section 524(e) states that "[e]xcept as provided in subsection (a)(3) of this section,[8] discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Some courts have held that § 524(e) and its predecessor, § 16 of the 1898 Bankruptcy Act, results in the bankruptcy court having no power to discharge liabilities of a nondebtor pursuant to the consent of creditors as a part of a reorganization plan. See *Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir.1985); *Union Carbide Corp. v. Newboles*, 686 F.2d 593 (7th Cir.1982). However, the Fifth Circuit has stated that "[a]lthough section 524 has generally been interpreted to preclude release of guarantors by a bankruptcy court, the statute does not by its specific words preclude the discharge of a guaranty when it has been

accepted and confirmed as an integral part of reorganization." *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1050 (5th Cir. 1987).[9]

▮ We find the language used by the Fifth Circuit persuasive. Whatever the result might be as to the application of § 524(e) in other cases, we do not think that section must be literally applied in every case as a prohibition on the power of the bankruptcy courts, as appellants would have us apply it here. In this situation where the Plan was overwhelmingly approved, where the Plan in conjunction with insurance policies provided as a part of a plan of reorganization gives a second chance for even late claimants to recover where, nevertheless, some have chosen not to take part in the settlement in order to retain rights to sue certain other parties, and where the entire reorganization hinges on the debtor being free from indirect claims such as suits against parties who would have indemnity or contribution claims against the debtor, we do not construe § 524(e) so that it limits the equitable power of the bankruptcy court to enjoin the questioned suits. We leave questions concerning cases in which § 524(e) does apply for another day.

The orders of the district court appealed from are accordingly

AFFIRMED.

*ADDENDUM

| APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER |
|---|---|---|
| 88–1750 | Rosemary Menard–Sanford | 82114 |
| | Karen Velenzuela | 82207 |
| | Constance Miller Engelsberg | 82142 |
| | Nancy Lauri Adams | 82174 |
| | Carolyn Harris | 303631 |
| 88–1754 | Mary Albert | 252684 |
| | Carol Angus | 215751 |
| | Judith Beaule | 62242 |
| | Janis Belcher | 237565 |
| | Daniel Belcher | 237566 |
| | Karen Belcher | 237564 |
| | David Belcher | 243035 |
| | Melanie Bennett | 183837 |
| | Nancy Benson | 191191 |
| | Jean Boeckler | 122207 |

8. Subsection (a)(3) deals with community property of spouses and is not applicable.

9. The court did not decide the issue but assumed without deciding there was a jurisdictional question under § 524 as to the authority of the bankruptcy court to release non-debtors. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 at n. 5. (5th Cir.1987).

| APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER |
|---|---|---|
| | John Boeckler | 122208 |
| | Janet Bruce | 296254 |
| | Melody Cannon | 228522 |
| | Barbara L. Carr | 20475 |
| | David W. Carr | 244903 |
| | Helen Carty | 78400 |
| | Sandra Cassier | 7647 |
| | Patrick Cassier | 7646 |
| | Victoria Charnock | 228521 |
| | Ellen Chodes | 42705 |
| | Elizabeth Cote | 26935 |
| | Brenda Davis | 111886 |
| | Marion DuFord | 78493 |
| | Deborah Fallon | 80309 |
| | John Fallon | 80310 |
| | Dawn Gebo | 7306 |
| | Janet Gregory | 79226 |
| | Frank Gregory | 79225 |
| | Sarah E. Haskell | 78399 |
| | Pamela Hockenhull | 78909 |
| | Patricia Johnson | 78581 |
| | Mary E. Jordan | 291790 |
| | April Weeks–Korn | 78397 |
| | Leonard Korn | 78398 |
| | Debora Lamont | 96144 |
| | Beverly McClure | 80313 |
| | Katherine Maher | 19424 |
| | Elaine Nizza | 228523 |
| | Donna Oberg | 77966 |
| | Diane Pinard | 7113 |
| | Jeanne Robey | 237567 |
| | Paul Robey | 237568 |
| | Pamela Saxby | 78580 |
| | Shellie Shapiro | 78583 |
| | Howard Shapiro | 78582 |
| | Sharon Lee Spern | 187651 |
| | Rebecca Steinbach | 281041 |
| | Jeannette Sweet | 85890 |
| | Beverly Tonkin | 184469 |
| | Donna Tshanakas | 222583 |
| | Nicholas Tshanakas | 222584 |
| | Daphne Whitmore | 78910 |
| | Linda Bisson | 172492 |
| | Anne Soucy | 286513 |
| | Sally Adams | 225908 |
| | Randy Adams | 225886 |
| | Charlotte Allen | 227324 |
| | Charles Allen | 225896 |
| | Jan Allen | 225897 |
| | Barbara Bill Klinger | 225899 |
| | Linda Brust | 225323 |
| | Virginia Bryan Roberts | 225901 |
| | Gwendolyn E. Buettner | 70274 |
| | Carolyn Campbell | 225900 |
| | Lynn Crosby | 225902 |
| | William Franklin Crosby | 233041 |
| | Mary Kathryn Deemer | 235677 |
| | John Deemer | 225885 |
| | Donna Faremouth | 260787 |
| | Charles Faremouth | 260788 |
| | Cindy Franco | 225884 |
| | Fred Franco | 231644 |
| | Elena Friedman | 225893 |
| | Darleene L. Frink | 226609 |
| | Kenneth Frink | 225964 |
| | Diane Goshorn | 113174 |
| | Christiane J. Guignard | 219368 |
| | Linda Harre | 225883 |
| | William Harre | 225894 |
| | June Ellen Harris | 225895 |
| | Carol Harterink | 225903 |
| | Anton Harterink | 225904 |
| | Rosanne Heard | 225905 |
| | Jimmie Dale Heard | 225906 |
| | Atha Henderson | 225907 |
| | Jill Campion Huff | 233339 |
| | Pan:ela Johnson | 7353 |
| | Ted Johnson | 7356 |
| | Wanda Lancaster | 6020 |
| | Deborah Jean Lenzi | 225485 |
| | Betty Leobold | 225486 |
| | William D. Leobold | 235694 |
| | Susan Lippner | 225890 |
| | Robert Lippner | 225889 |
| | Victoria L. McCord | 225888 |
| | Cheryl McFarland | 192508 |
| | Dayna McKendree | 225887 |
| | Diane Mance Zywotko | 225892 |
| | Carol Mitchell | 225891 |
| | Susan Nehrig Cole | 46096 |
| | Paul Nehrig | 46097 |
| | Deloris A. Nicolaou | 255933 |
| | Sherry Peavy | 225322 |
| | Kenneth Peavy | 225488 |
| | Flora Poe | 109594 |
| | Brenda Reilly | 225489 |
| | Gerald Reilly | 225490 |
| | Patricia Scolaro | 225491 |
| | Edward Scolaro | 235693 |
| | Wanda Joe Selvanik | 225492 |
| | Michael Selvanik | 225487 |
| | Janice Denise Simmons | 7355 |
| | Merrick Simmons | 7354 |
| | Martha E. Sims | 225483 |
| | Eslyn South | 189220 |
| | Tracy Staneart | 176876 |
| | Debra Renee Thompson | 225321 |
| | Denise B. Wax | 225946 |
| | Dan Wax | 234731 |
| | Rachael O. Thompson | 200369 |
| | Edwin L. Wilbur | 202442 |
| | Sharon Malloy Wilber | 201016 |
| | Harold E. Kerkhoff, Jr. | 200370 |
| | Robert F. Grant, Deceased | 200373 |
| | Robert W. Adams | 200368 |
| | Gillian L. Adams | 200367 |
| | Mr. R.S. Shaw | 285422 |
| | Blanche M. Shaw | 202439 |
| | Donna M. Kerkhoff | 200375 |
| | Kathleen A. Denise | 62658 |
| | Jim H. James | 200366 |
| | Beatrice D. Sewell | 200374 |
| | Kenneth R. Livingston | 200883 |
| | Gloria W. Livingston | 200872 |
| | Harvey H. Friedman | 200371 |
| | Arlene Whitaker James | 200365 |
| | Phyllis B. Puckett | 225059 |
| | Rhalda S. Friedman | 202440 |
| | Joyce F. Grant | 202441 |
| | Barbara A. Purvis | 202438 |
| 88–1756 | Albert Sivley | 156549 |
| 88–1758 | Louise Anderson | 40014 |
| | Jan Beck | 40021 |
| | Mary Jo Bennett | 97533 |
| | Sandra Bescheinen | 314579 |
| | Patricia Bonn | 40029 |
| | Diane Brosco | 40038 |
| | Karla Clark | 866239 |
| | Catherine Crawford | 40065 |
| | Silvia Crockett | 40066 |
| | Dee Dahl | 269915 |
| | Katheryn Duryea | 192464 |
| | Mickie Engel | 179358 |
| | Mary Fischer | 40095 |
| | Arlene Ford (Robinson) | 100767 |
| | Sandra Fritz | 33463 |
| | Susan Geisler | 236132 |
| | Nancy Gossan | 275731 |
| | Constance Halverson | 64890 |

| APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER |
|---|---|---|
| | Lois Hansel | 15085 |
| | Rachel Jones | 183223 |
| | Lisa Kerr | 66317 |
| | Rosemary Lambert | 174880 |
| | Nora Manning | 40169 |
| | Carolie Martin | 40172 |
| | Lee McDaniel | 40183 |
| | Eleanor Meyer | 236151 |
| | Rosemary Nelson | 66584 |
| | Charlotte Pool | 66605 |
| | Faye Schultz | 14448 |
| | Sharon Scott | 269922 |
| | Ginger Shirley | 66666 |
| | Yvonne Spicer | 67003 |
| | Lyndalou Steckler | 66566 |
| | Shelly Stisser | 66682 |
| | Carole Torres | 66478 |
| | Suzanne Walfoort | 304062 |
| | Mary Ann Watrous | |
| | Diane Zapata | 153920 |
| 88–1759 | Lynn Scott | |
| | Carol Lopez | |
| 88–1760 | Elaine Cumley | 207022 |
| | Jean Abad | 268523 |
| | Eileen Ackerman | 82175 |
| | Linda Adamecz | 232928 |
| | Donna Albright | 268416 |
| | Christine Alfaros | 82173 |
| | Cathy Allen | 82172 |
| | Paulette Allen | 269145 |
| | Scott Allen | 268521 |
| | Nancy Alotis | 269161 |
| | Diane Anderson | 268414 |
| | Susan Anderson | 82171 |
| | Douglas Anderson | 268519 |
| | Anne Angelou | 82170 |
| | Dimitris Angelou | 268516 |
| | Cynthia Apple | 275727 |
| | Ann Frances Aspon | 82243 |
| | Beverly Annette Back | 203008 |
| | Deborah Barbour Eaton | 82235 |
| | Beret Barnes | 82169 |
| | Dixie Barnes | 203011 |
| | Beverly Bartley–Mustin | 82168 |
| | Jane Beedle | 82167 |
| | Kathy Bennett | 275752 |
| | Edith (Deedi) Berde | 275753 |
| | Janice Berg | 268481 |
| | Hanna Berkow | 87077 |
| | Birohnie Blair Dowdell | 202946 |
| | Sandra Bliven Budd | 82166 |
| | Jennell Boote | 82165 |
| | Stessi Boyd | 275736 |
| | Jean Brewer | 82164 |
| | Geraldine Broeffle | 82163 |
| | Carolyn Brown | 107919 |
| | Marguerite Bryson | 203023 |
| | Sandra Bucsit | 268413 |
| | Veronica Burns–Peterson | 82162 |
| | Norma Cabrera Reid | 82161 |
| | Sylvia Cameron | 82153 |
| | Chris Campbell | 203020 |
| | Cynthia Campbell | 269162 |
| | Linda Carlsen | 203010 |
| | Jennifer Cheney | 268475 |
| | Judy Clark | 82154 |
| | Karen Clement | 268518 |
| | Karl Clement | 268509 |
| | Myra Cole | 82155 |
| | Kathy Collin | 32966 |
| | Arthur Collin | 268503 |
| | Patricia Conley | 82156 |
| | Bonnie Cook | 203019 |
| | Sheryl Cooper | 202980 |
| | Dawn Covell | 82210 |
| | Dianna Crabb | 82143 |
| | Karen Crenshaw George | 82144 |
| | Michael Crenshaw | 268506 |
| | Linda Croskey | 82146 |
| | Kenneth Croskey, Sr. | 268501 |
| | Judith Danforth | 269148 |
| | Adis Daniels | 271762 |
| | Monica Davis | 233127 |
| | Becky Deeter | 202989 |
| | Maureen DeGaetano | 91499 |
| | Diane DeRooy | 82148 |
| | Christina DeWeese | 82236 |
| | Mary Ann Dizon Lancaster | 203018 |
| | Catherine D. Tomlinson | 202979 |
| | Janet Dowling | 82149 |
| | Larry Dowty | |
| | Lorraine Dressel | 203017 |
| | Susan Duram | 268471 |
| | Susan Jane Durham | 82139 |
| | Leolynn DuVal | 202982 |
| | Christine Eager Leback | 82140 |
| | Cathi Eicher | 203033 |
| | Charlene Eitelberg | 275737 |
| | Monica Ellis | 82141 |
| | James Ellis | 268498 |
| | Danelia Fanello | 82135 |
| | Phyllis Fernandes | 203039 |
| | Edward Fernandes | 268496 |
| | Gloria Fields | 120488 |
| | Margaret Fithen | 203012 |
| | Cleo Fitzgerald | 82132 |
| | Gregory Fitzgerald | 268494 |
| | Marcia Fletcher | 35024 |
| | Julia Foss | 268410 |
| | Judith Fowe | 82134 |
| | Robert Fowe | 268446 |
| | Patricia Fox | 268513 |
| | Ronald Fox | 268530 |
| | Juanita Francis | 82237 |
| | Don Francis | 268492 |
| | Jackie Franck | 229230 |
| | Delilia Frank | 82136 |
| | Marie Gallegos | 82137 |
| | Pamela Garrett | 268511 |
| | Mary Jane Gassert | 82138 |
| | Rhonda Gateman Herman | 268510 |
| | Linda Gause | 82121 |
| | Kathryn Gillette | 202985 |
| | Catherine Gitchell | 82123 |
| | Louis Gitchell, Jr. | 268491 |
| | Christine Gitchell | 200563 |
| | Cathy Reiner Godwin | 82122 |
| | Cliff Godwin | 268488 |
| | Pamela Goldader | 269147 |
| | Judith Grafing | 82124 |
| | Richard Grafing | 268487 |
| | Alice Grimes | 82125 |
| | Mary Grubb | 268463 |
| | Tamara Guslander | 82126 |
| | Charles Guslander | 268483 |
| | Carol Hawkins | 268461 |
| | Ruby Haywood | 82127 |
| | Christen Hearn | 82128 |
| | Melvin Hearn | 268482 |
| | Eloise Hebert | 268508 |
| | Christine Henshaw | 82129 |
| | Gail Hertzler Buehler | 203022 |
| | George Buehler | 268515 |
| | Pam Heselgrave | 199804 |
| | Karin Hoffman | 276494 |
| | Gayle Holm | 202995 |
| | Joanne Huffman | 268507 |
| | David Huffman | 268480 |
| | David Huffman | 200543 |

| APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER |
|---|---|---|
| | Lori Inglis | 151878 |
| | Rose Anne Jacobs | 4556 |
| | Rhonda Jared | 82130 |
| | Cathy Jensen | 82238 |
| | Pam Jensen | 82204 |
| | Christy Johnson | 82198 |
| | Deborah Johnson | 69841 |
| | Dale Johnson | 214683 |
| | Karren Johnson | 82199 |
| | Linn Johnson | 268478 |
| | Elaine Jones Donovan | 82200 |
| | Helen Jones | 203043 |
| | L.C. Jones | 268476 |
| | Patricia Jordshaugen | 203042 |
| | Lucinda Karlic | 82201 |
| | Stefan Karlic | 268470 |
| | Donna Kirby | 82188 |
| | Clyde Kirby | 268468 |
| | Janice Knudsen | 82208 |
| | Ruth Korkowski | 82186 |
| | Shirlee Krumplemann | 269164 |
| | Maria Krzeszowski | 203000 |
| | Mieczyslaw Krzeszowski | 275715 |
| | Sandy Lasicka | 82202 |
| | Bonnie L. Wasserman | 82203 |
| | Janet LaWall | 82195 |
| | Winnie Sue Lee | 82196 |
| | Linda LeFebvre | 202998 |
| | Carmen Leuschner | 268504 |
| | Robert Leuschner | 268466 |
| | Molly Linderoth | 82197 |
| | Charlene Linvog | 268505 |
| | Dixie Llewellin | 82190 |
| | Dave Llewellin | 268464 |
| | Janna Gingras (fka London) | 82191 |
| | Linda Look | 82192 |
| | Sharron Loveall | 228981 |
| | Shannon Lowe | 130082 |
| | Kathy Lumsden | 203041 |
| | Nancy Lyon | 82193 |
| | Linda Magnuson | 82118 |
| | Carol Mahony | 202994 |
| | Cindy Mahugh | 268457 |
| | Barbara Maine | 82119 |
| | Margaret Mamon | 82120 |
| | Tony Mamon | 268442 |
| | Karen Manning | 82108 |
| | Debra Marcus | 104289 |
| | Kathy Mare | 82110 |
| | Margaret Maredza | 82111 |
| | Diane Strayer (fka Martin) | 82112 |
| | Jane Martin | 82133 |
| | Richard Martin | 268441 |
| | Shirley Martinez | 268417 |
| | Nina Mason | 56672 |
| | David Mason | 268436 |
| | Laine Jill McClellan | 268412 |
| | Sue McCracken | 126795 |
| | Veronica McCreary–Oliver | 82113 |
| | Kenneth Oliver | 268462 |
| | Constance McDowell | 268502 |
| | Petra (Peggy) McIntyre | 203024 |
| | Karen Meola | 202999 |
| | David Meuli | |
| | Jodi Miasnik | 82116 |
| | Stephanie Lieb Migdal | 82117 |
| | Gerald Migdal | 268529 |
| | Gwendolyn Miller Juleff | 82184 |
| | Rose Miller | 178415 |
| | Beverly Mills | 82183 |
| | Marla Mobley | 82160 |
| | Shelia Mohn | 82182 |
| | Valerie Moore | 275747 |
| | Maggie Morales | 96003 |
| | Gloria Morris | 269154 |
| | Lorena Mrachek | 202986 |
| | Kathleen Munro–McNeill | 82181 |
| | Richard Munro–McNeill | 268528 |
| | Debra Nelson | 82180 |
| | Victoria Nomikos Blair | 82179 |
| | Hazel Norbury | 203163 |
| | Jackie O'Ryan | 82189 |
| | Johnnie Clay Paradiso | 203015 |
| | Margaret Parent | 116882 |
| | Sarah Parrington | 82178 |
| | Rosalie Passarelli | 82177 |
| | Carmella Patterson | 82176 |
| | Samuel Patterson | 268432 |
| | Sue Peet | 215683 |
| | Christina Peterson | 275765 |
| | Christine Peterson | 82239 |
| | Walter Peterson | 268430 |
| | Shirley Peterson | 145090 |
| | Barbara Phair | 269160 |
| | Heidi Pierotti | 82240 |
| | Alberta Plate Franco | 82242 |
| | Pat Premel | 268497 |
| | Steve Premel | 268429 |
| | Susan Pupera | 82231 |
| | Deloris Ragazzo | 202990 |
| | Victoria Raider Romero | 275760 |
| | DiAnne Rainard | 82233 |
| | Marty Reeh | 97855 |
| | Deborah Rennick | 268142 |
| | Debra Porter Rettman | 203027 |
| | Peter Rettman | 275758 |
| | Eula Rials | 82159 |
| | Margaret Richards | 88274 |
| | June Richey | 203028 |
| | Lloyd Richey | 275716 |
| | Deja Robins | 82234 |
| | Valorie Robinson Jensen | 82223 |
| | Sandra Roose | 19657 |
| | Angela Rose | 268493 |
| | Crystal Rose | 203003 |
| | Sharon Rossmeier | 82224 |
| | Demetra Rouvas | 82225 |
| | Julie Ryan | 82226 |
| | Connie Samp | 82158 |
| | Donna Sanders | 268490 |
| | David Sanders | 268426 |
| | Susan Sasnett | 82227 |
| | Jay Sasnett | 268424 |
| | Deborah Brown Saxton | 268448 |
| | Lisa Schanz | 82228 |
| | Allahna Schriver | 82229 |
| | Sharon Seal | 82157 |
| | Dianne Seibold | 82230 |
| | Horst Seibold | 268422 |
| | Teresa Selfe | 82217 |
| | Eilene Sharp | 82151 |
| | Kathleen Shelby | 82219 |
| | Ruby Shumate | 82220 |
| | Donnell Shumate | 268420 |
| | Shirley Shumway | 43185 |
| | Michael Shumway | 268525 |
| | Sally Siddiqi | 82221 |
| | Donna Siler | 82222 |
| | Marilyn Skone | 203014 |
| | Wanda Slater | 268489 |
| | Jacqueline Smith | 82216 |
| | Donald Smith | 268418 |
| | Kathleen Smith | 268486 |
| | Robert Smith | 268474 |
| | Judith Smith | 82215 |
| | Tim Smith | 268415 |
| | Deborah Snyders | 82152 |
| | Anke Spencer | 268485 |
| | Don Spencer | 268437 |

| APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER | APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER |
|---|---|---|---|---|---|
| | Colleen Still | 227825 | | Sharon Ebert | 223890 |
| | Deborah Stoffel | 82214 | | Dennis Ebert | 271532 |
| | Jackie Stone | 141320 | | Laura B. Emerson | 16301 |
| | Savana Swain | 202997 | | Gary S. Emerson | 263135 |
| | Clifford Swain | 268435 | | Carol Evans | 11339 |
| | Renee Swanson | 82194 | | Dennis S. Evans | 271538 |
| | Carol Sycks | 82213 | | Melinda F. Evans | 10448 |
| | Robert Sycks | 268434 | | Hawley Roger Evans | 272532 |
| | Kathy Syrdal | 82212 | | Carla Magdanz Everett | 15585 |
| | Phil Syrdal | 268431 | | Barbara Ferguson | 10862 |
| | Ann Tabasinske | 89787 | | Charles Ferguson | 262197 |
| | Gary Tabasinske | 7170 | | Nancy C. Franz | 15382 |
| | Kay Tamura | 82211 | | Roger A. Franz | 258077 |
| | Steven Tamura | 268428 | | Julia Bloch Frey | 163423 |
| | Margaret Taplin | 268445 | | Janette S. Gamet McMahon | 11344 |
| | Deborah Tegelberg | 202984 | | George McMahon | 272764 |
| | Claudeen Tobiason | 82205 | | Mary C. Graham | 15386 |
| | Jodi Tranter | 203025 | | Ronald Graham | 274584 |
| | Frank Tranter | 268427 | | Xenia Graves | 11341 |
| | Erma Turner | 32831 | | Cheryl A. Gruse | 11334 |
| | Kathryn Ulrich | 268409 | | Roberta Guildner | 10501 |
| | Vicik Urias | 82206 | | Ava Hamilton | 11343 |
| | Magic VanAusdal | 268408 | | Delmar Hamilton | 262660 |
| | Vicki Volkersz | 82254 | | Delores M. Haro | 228508 |
| | Marilyn Waara | 275726 | | Lori Haugland | 206197 |
| | Elizabeth Walton Kilner | 82253 | | Mary R. Hein | 16655 |
| | Teresa Ward | 236256 | | William Hein | 272766 |
| | Kathleen Warren | 82251 | | Janet Heitzmann | 10449 |
| | Donald Warren | 268524 | | Mary Frances Hilko | 243918 |
| | April Weber | 82252 | | Lucy Judson | 10444 |
| | Chriss Webster | 21897 | | Craig Alan Yeager | 272765 |
| | Karolyn Webster | 268443 | | Betty Kenzel | 10443 |
| | Gloria White | 82250 | | Richard E. Kenzel | 263118 |
| | Donald White | 268425 | | Judy Kurtz | 10452 |
| | Lynda Williams | 82187 | | Judith Lavezzi | 6088 |
| | Linda Lee Wilson Cashaw | 82249 | | Susanne Leuthauser | 11337 |
| | Susan Wilson | 203030 | | Truman Leuthauser | 262311 |
| | Janet Lee Winston | 203013 | | Harriet Elizabeth Mann | 223977 |
| | Mary Winters | 268484 | | Sharon L. Mazotti | 223979 |
| | Hazel–Jean Wolbert | 202996 | | Daniel Mazotti | 268168 |
| | Dyanna Wolcott | 82247 | | Sandra R. Merrill | 10451 |
| | William Wolcott | 268423 | | Roy R. Merrill | 262312 |
| | Ardyth Wuori | 82248 | | Laurel Ruth Mifflin | 255908 |
| | Penny Wykes | 82246 | | John Mifflin | 273601 |
| | Sherry York | 82245 | | Nathan Mifflin | 254594 |
| | Gary York | 268421 | | Sandra D. Miller | 11342 |
| | Carolyn Young | 31271 | | John K. Miller | 268162 |
| | Diane Young | 275763 | | Peggy Morgan | 11336 |
| | Linda Young | 82244 | | Barbara R. Nowak | 10445 |
| | Joyce Zaborowski | 82241 | | Mary Ann Perkins | 10447 |
| | Sgt. Daniel Zaborowski | 268419 | | Russell Perkins | 263117 |
| | Greg Ross | 268526 | | Ravonda L. Potter | 10450 |
| 88–1763 | Alexia Anderson | 225182 | | Roger Jay Potter | 271533 |
| | Barbara Anderson | 231938 | | Kathy Quinton | 16300 |
| | Philip Anderson | 268170 | | Judith Anne Ramsay | 10442 |
| | Paula C. Bannow | 11228 | | Charles E. Ramsay | 271723 |
| | John Bannow | 271718 | | Pamela S. Reiter | 11340 |
| | Diana R. Beard | 10440 | | Peter Reiter | 274587 |
| | Robert Davis Beard | 271192 | | Ella Ruth Rogers | 9295 |
| | Sherry Bergman | 15385 | | Elaine Rogers | 16298 |
| | Charles Bergman | 271992 | | Donis Rogers | 265558 |
| | Marsha Brown | 71237 | | Christine Seiffert | 171920 |
| | Jeannette Bulinski | 15584 | | Stefanie Selden | 9271 |
| | Gregg Gundersen | 272541 | | Judy Sheppard | 25992 |
| | Wendy R. Busch | 10864 | | M. Lee Sheppard | 268166 |
| | Lillian Castillo | 122920 | | Jessica A. Simkulet | 11335 |
| | Elizabeth Chamberlayne | 48517 | | Janet Singletary | 16654 |
| | Carol Cooke | 10446 | | Roger Singletary | 268167 |
| | Donna Cornelisse | 15383 | | Evelyn M. Snyder | 16302 |
| | Denise Crowell | 10865 | | Andrew Snyder | 15387 |
| | Mike Crowell | 271721 | | Marcia Steel | 16303 |
| | Jacki Dasso | 10454 | | Mary Stewart | 15387 |
| | John Thompson | 271720 | | Charles D. Stewart | 265520 |
| | | | | Karon Tiger | 234904 |
| | | | | Thelma L. Tilman | 236252 |
| | | | | Durcille Trolinger | 206281 |

| APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER | APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER |
|---|---|---|---|---|---|
| | Jo Susan Verspohl | 13063 | | Elizabeth W. Rinehart | 239641 |
| | Ronald Verspohl | 272554 | | Richard R. Rinehart | 239642 |
| | Carol J. Waltz | 16299 | | Gaylene P. Schommer | 106563 |
| | Ronald F. Waltz | 268165 | | John W. Schommer | 106564 |
| | Kathleen A. Watson | 199542 | | Rachel H. Scott | 106565 |
| | Larry Watson | 291814 | | David L. Scott | 106566 |
| | Abby Weinstein | 166871 | | Janet L. Scott | 106582 |
| | Barry Weinstein | 258076 | | Janice A. Sell | 239643 |
| | Diane West | 10408 | | Steven K. Sell | 239644 |
| | Martha Whitehead | 199551 | | Fay Annetta Smith | 106583 |
| | Marlyin Wilson | 25436 | | Rhonda J. Smith | 212510 |
| | Vicki Woodard | 10441 | | Peggy A. Sneegas | 239645 |
| | Tom George | 171536 | | Roger A. Sneegas | 239646 |
| | Deirdre J. Zietz | 15384 | | Rebecca J. Stafford | 297307 |
| | Leonard E. Zietz | 260920 | | Sonja G. Sweek | 106584 |
| | Rebecca L. Adair | 239633 | | Nancy J. Taylor | 106567 |
| | Gary A. Adair | 239634 | | Mary Ann Thomas | 106585 |
| | Sharon C. Angel | 145182 | | Steven J. Thomas | 106586 |
| | Gene R. Angel | 304529 | | Elizabeth E. Tomaszewicz | 239648 |
| | Katharine K. Beattie | 106539 | | George R. Tomaszewicz | 239649 |
| | Fareda E. Belcher | 239629 | | Patricia Ann Tronsgard | 106568 |
| | Floyd Belcher | 106540 | | Catherine L. Wood | 239630 |
| | Linda M. Black | 239635 | | Joda D. Wright | 239631 |
| | William R. Black | 239636 | 88–3602 | Alexia Anderson | 225182 |
| | Mary A. Bonner | 37245 | | Barbara Anderson | 231938 |
| | Robert I. Bonner | 239637 | | Philip Anderson | 268170 |
| | Johnsie C. Brown | 117778 | | Paula C. Bannow | 11228 |
| | Joseph T. Brown, Jr. | 326617 | | John Bannow | 271718 |
| | Vicki L. Brown | 106541 | | Diana R. Beard | 10440 |
| | Randy L. Brown | 106542 | | Robert Davis Beard | 271192 |
| | Juanita L. Brown | 106543 | | Sherry Bergman | 15385 |
| | Shirley Mae Burroughs | 106550 | | Charles Bergman | 271992 |
| | Robert Burroughs | 106551 | | Marsha Brown | 71237 |
| | Beverley Davisson | 106544 | | Jeannette Bulinski | 15584 |
| | William A. Davisson | 106545 | | Gregg Gundersen | 272541 |
| | Jason W. Davisson | 106546 | | Wendy R. Busch | 10864 |
| | Debra G. Dean | 12776 | | Lillian Castillo | 122920 |
| | Mary Ann Evertson | 106547 | | Elizabeth Chamberlayne | 48517 |
| | Robert W. Evertson | 106548 | | Carol Cooke | 10446 |
| | Sandra L. Flynn | 106549 | | Donna Cornelisse | 15383 |
| | Joyce Frieders | 106569 | | Denise Crowell | 10865 |
| | Charles D. Frieders | 106570 | | Mike Crowell | 271721 |
| | Patricia Graber | 269036 | | Jacki Dasso | 10454 |
| | Patricia J. Heuseveldt | 239639 | | John Thompson | 271720 |
| | Ronald W. Heuseveldt | 239640 | | Sharon Ebert | 223890 |
| | Heather Hull | 106571 | | Dennis Ebert | 271532 |
| | Kenneth L. Hull | 106572 | | Laura B. Emerson | 16301 |
| | Patty E. Hutton | 106553 | | Gary S. Emerson | 263135 |
| | Leon D. Hutton | 106554 | | Carol Evans | 11339 |
| | Amy Marie Hutton | 106552 | | Dennis S. Evans | 271538 |
| | Charlotte S. James | 269035 | | Melinda F. Evans | 10448 |
| | Kay M. Kincade | 243662 | | Hawley Roger Evans | 272532 |
| | Paul W. Kincade | 243663 | | Carla Magdanz Everett | 15585 |
| | Bonlyn G. Qulick | 251829 | | Barbara Ferguson | 10862 |
| | Anna Louise Luhman | 106555 | | Charles Ferguson | 262197 |
| | Kersten Males | 106575 | | Nancy C. Franz | 15382 |
| | William Males | 106576 | | Roger A. Franz | 258077 |
| | Roberta C. Martin | 106573 | | Julia Bloch Frey | 163423 |
| | Keith A. Martin | 106574 | | Janette S. Gamet McMahon | 11344 |
| | Sarah E. McLeod Kirk | 106556 | | George McMahon | 272764 |
| | David C. McInnis | 106557 | | Mary C. Graham | 15386 |
| | Billie Rae Mercer | 106558 | | Ronald Graham | 274584 |
| | Sandra J. Mertens | 106559 | | Xenia Graves | 11341 |
| | Ronald G. Mertens | 106560 | | Cheryl A. Gruse | 11334 |
| | Kay Diane Milligan | 6205 | | Roberta Guildner | 10501 |
| | William D. Milligan | 6206 | | Ava Hamilton | 11343 |
| | Betsy A. Munson | 106577 | | Delmar Hamilton | 262660 |
| | Judith A. Nichols | 106561 | | Delores M. Haro | 228508 |
| | James R. Nichols | 106562 | | Lori Haugland | 206197 |
| | Kathleen K. Pope | 106578 | | Mary R. Hein | 16655 |
| | Rita M. Raaf | 106579 | | William Hein | 272766 |
| | Richard D. Raaf | 106580 | | Janet Heitzmann | 10449 |
| | Courtney L. Raaf | 106581 | | Mary Frances Hilko | 243918 |
| | | | | Lucy Judson | 10444 |
| | | | | Craig Alan Yeager | 272765 |
| | | | | Betty Kenzel | 10443 |

| APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER | APPEAL NUMBER | APPELLANT | DALKON SHIELD NUMBER |
|---|---|---|---|---|---|
| | Richard E. Kenzel | 263118 | | Johnsie C. Brown | 117778 |
| | Judy Kurtz | 10452 | | Joseph T. Brown, Jr. | 326617 |
| | Judith Lavezzi | 6088 | | Vicki L. Brown | 106541 |
| | Susanne Leuthauser | 11337 | | Randy L. Brown | 106542 |
| | Truman Leuthauser | 262311 | | Juanita L. Brown | 106543 |
| | Harriet Elizabeth Mann | 223977 | | Shirley Mae Burroughs | 106550 |
| | Sharon L. Mazotti | 223979 | | Robert Burroughs | 106551 |
| | Daniel Mazotti | 268168 | | Beverley Davisson | 106544 |
| | Sandra R. Merrill | 10451 | | William A. Davisson | 106545 |
| | Roy R. Merrill | 262312 | | Jason W. Davisson | 106546 |
| | Laurel Ruth Mifflin | 255908 | | Debra G. Dean | 12776 |
| | John Mifflin | 273601 | | Mary Ann Evertson | 106547 |
| | Nathan Mifflin | 254594 | | Robert W. Evertson | 106548 |
| | Sandra D. Miller | 11342 | | Sandra L. Flynn | 106549 |
| | John K. Miller | 268162 | | Joyce Frieders | 106569 |
| | Peggy Morgan | 11336 | | Charles D. Frieders | 106570 |
| | Barbara R. Nowak | 10445 | | Patricia Graber | 269036 |
| | Mary Ann Perkins | 10447 | | Patricia J. Heuseveldt | 239639 |
| | Russell Perkins | 263117 | | Ronald W. Heuseveldt | 239640 |
| | Ravonda L. Potter | 10450 | | Heather Hull | 106571 |
| | Roger Jay Potter | 271533 | | Kenneth L. Hull | 106572 |
| | Kathy Quinton | 16300 | | Patty E. Hutton | 106553 |
| | Judith Anne Ramsay | 10442 | | Leon D. Hutton | 106554 |
| | Charles E. Ramsay | 271723 | | Amy Marie Hutton | 106552 |
| | Pamela S. Reiter | 11340 | | Charlotte S. James | 269035 |
| | Peter Reiter | 274587 | | Kay M. Kincade | 243662 |
| | Ella Ruth Rogers | 9295 | | Paul W. Kincade | 243663 |
| | Elaine Rogers | 16298 | | Bonlyn G. Qulick | 251829 |
| | Donis Rogers | 265558 | | Anna Louise Luhman | 106555 |
| | Christine Seiffert | 171920 | | Kersten Males | 106575 |
| | Stefanie Selden | 9271 | | William Males | 106576 |
| | Judy Sheppard | 25992 | | Roberta C. Martin | 106573 |
| | M. Lee Sheppard | 268166 | | Keith A. Martin | 106574 |
| | Jessica A. Simkulet | 11335 | | Sarah E. McLeod Kirk | 106556 |
| | Janet Singletary | 16654 | | David C. McInnis | 106557 |
| | Roger Singletary | 268167 | | Billie Rae Mercer | 106558 |
| | Evelyn M. Snyder | 16302 | | Sandra J. Mertens | 106559 |
| | Andrew Snyder | 15387 | | Ronald G. Mertens | 106560 |
| | Marcia Steel | 16303 | | Kay Diane Milligan | 6205 |
| | Mary Stewart | 15387 | | William D. Milligan | 6206 |
| | Charles D. Stewart | 265520 | | Betsy A. Munson | 106577 |
| | Karon Tiger | 234904 | | Judith A. Nichols | 106561 |
| | Thelma L. Tilman | 236252 | | James R. Nichols | 106562 |
| | Durcille Trolinger | 206281 | | Kathleen K. Pope | 106578 |
| | Jo Susan Verspohl | 13063 | | Rita M. Raaf | 106579 |
| | Ronald Verspohl | 272554 | | Richard D. Raaf | 106580 |
| | Carol J. Waltz | 16299 | | Courtney L. Raaf | 106581 |
| | Ronald F. Waltz | 268165 | | Elizabeth W. Rinehart | 239641 |
| | Kathleen A. Watson | 199542 | | Richard R. Rinehart | 239642 |
| | Larry Watson | 291814 | | Gaylene P. Schommer | 106563 |
| | Abby Weinstein | 166871 | | John W. Schommer | 106564 |
| | Barry Weinstein | 258076 | | Rachel H. Scott | 106565 |
| | Diane West | 10408 | | David L. Scott | 106566 |
| | Martha Whitehead | 199551 | | Janet L. Scott | 106582 |
| | Marlyin Wilson | 25436 | | Janice A. Sell | 239643 |
| | Vicki Woodard | 10441 | | Steven K. Sell | 239644 |
| | Tom George | 171536 | | Fay Annetta Smith | 106583 |
| | Deirdre J. Zietz | 15384 | | Rhonda J. Smith | 212510 |
| | Leonard E. Zietz | 260920 | | Peggy A. Sneegas | 239645 |
| | Rebecca L. Adair | 239633 | | Roger A. Sneegas | 239646 |
| | Gary A. Adair | 239634 | | Rebecca J. Stafford | 297307 |
| | Sharon C. Angel | 145182 | | Sonja G. Sweek | 106584 |
| | Gene R. Angel | 304529 | | Nancy J. Taylor | 106567 |
| | Katharine K. Beattie | 106539 | | Mary Ann Thomas | 106585 |
| | Fareda E. Belcher | 239629 | | Steven J. Thomas | 106586 |
| | Floyd Belcher | 106540 | | Elizabeth E. Tomaszewicz | 239648 |
| | Linda M. Black | 239635 | | George R. Tomaszewicz | 239649 |
| | William R. Black | 239636 | | Patricia Ann Tronsgard | 106568 |
| | Mary A. Bonner | 37245 | | Catherine L. Wood | 239630 |
| | Robert I. Bonner | 239637 | | Joda D. Wright | 239631 |