## COMMERCIAL WHOLESALERS, Inc. v. INVESTORS COMMERCIAL CORPORATION.

No. 11947.

United States Court of Appeals Ninth Circuit.

Feb. 18, 1949.

Alfred Gitelson, of Los Angeles, Cal., for appellant.

Catlin & Catlin, Frank D. Catlin and Henry W. Catlin, all of Los Angeles, Cal., for appellee.

Before MATHEWS and HEALY, Circuit Judges, and FEE, District Judge.

PER CURIAM.

A petition in involuntary bankruptcy was filed against Commercial Wholesalers, Inc. A petition for arrangement was filed by the corporation immediately after adjudication. An amended plan of arrangement set up that, after making the payments required thereby, the remaining assets should be returned to the debtor free and clear of demands, and debtor should be discharged. The petition for adoption did not enlarge this provision. The order approving the plan followed the language of the plan. Thereupon, a petition for final decree was filed by debtor, which recited that the debts of the creditors "have been fully settled, satisfied, paid and discharged," and that the creditors should be forever barred from prosecuting suits or proceedings "against the debtor, its successors, predecessors or assigns," and this language is also contained in the prayer. Both these phrases are included in the final decree signed by the referee November 12, 1947. Based upon petition for modification of the decree by Investors Commercial Corporation, to which a claim against debtor had been assigned, the referee issued an order to show cause to debtor, and at the hearing found the word "predecessors" in the decree had been "inserted by error and inadvertence" and eliminated that word.

Debtor asked for review by the District Judge. Appropriate record having been made up, the Honorable J. F. T. O'Connor reviewed the proceeding, overruled the petition for review, and affirmed the order of the referee.

The whole purpose of this appeal appears in the record. In the First Amended Plan of Arrangement, it is stated:

"Said corporation was formed to take over the assets and the liabilities of Allied Wholesale & Distributing Co., a co-partnership composed of Frederick I. Frischling, Ruth Meretz, Ruth Baker, which co-partnership was formed in August of 1944. That thereafter, and on or about September 10, 1946, said corporation did, in fact, take over the assets and assume the liabilities of said co-partnership."

These then are the "predecessors" whom the debtor attempted to relieve.

The debtor, Commercial Wholesalers, Inc., is not injured by the striking out of this word "predecessors" from the order and therefore has no ground for appeal.[1]

No other party to the proceedings attempts to appeal from the order. Particularly, neither Allied Wholesale & Distributing Co., a co-partnership, nor any of the co-partners, Frederick I. Frischling, Ruth Meretz or Ruth Baker, who were the original debtors and the only ones injured by the action of the referee, appeals.

The original order, so far as it attempted to discharge the original principal debtors from liability by the inclusion of the words declaring that the debts have been "fully settled, satisfied, paid and discharged," and pretending to relieve the "precedessors" of the debtor, was without jurisdiction and void upon its face. The bankruptcy court has no power to relieve other parties than Commercial Wholesalers, Inc., of their debts or obligations. These emendations contained in the final decree are deviations from the amended plan of arrangement adopted by creditors and court upon proposal by the debtor. The additions were coram non judice and void.

The referee certified that the word "predecessors" had been inserted by him in the final decree "by error and inadvertence." Although it is not so certified, this error was superinduced by fraud of the debtor.

There was no bar against the pursuit by creditors of the original debtors, since the final decree was void and without jurisdiction insofar as these words attempted to impose restraint. Therefore, there was no necessity for striking out the offending words. But the referee had plen-

[1] King v. Buttolph, 9 Cir., 30 F.2d 769; Loomis v. Gila County, 9 Cir., 101 F.2d 827, pet. for rehearing denied, 9 Cir., 103 F.2d 312, certiorari denied, 307 U.S. 643, 59 S.Ct. 1041, 83 L.Ed. 1524.

ary power to correct his decree by striking words placed therein by "error and inadvertence" and void for want of jurisdiction.

The taking an appeal from this order of correction was improper and had no basis. The inference is that it was taken solely for delay of proceedings against the original debtors. Under the statute, we are constrained to award to Investors Commercial Corporation damages for expense and delay.[2] The appeal is dismissed and appellee, Investors Commercial Corporation, awarded as damage the cost of printing its brief upon appeal and $250.00 counsel fees.

---

[2] 28 U.S.C.A., 1946 Ed., § 878, Id., 1948 Ed., § 1912; Slaker v. O'Connor, 278 U.S. 188, 49 S.Ct. 158, 73 L.Ed. 258;

In re Midland United Co., 3 Cir., 141 F.2d 692.