In re Fred LOWENSCHUSS, Debtor.

**RESORTS INTERNATIONAL, INC., Appellee,**

v.

**Fred LOWENSCHUSS, Appellant.**

No. 94–16287.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1995.

Decided Oct. 10, 1995.

---

Alan R. Smith, Smith & Cope, Reno, Nevada, for appellant.

Mitchell A. Karlan, Gibson, Dunn & Crutcher, New York, New York, for appellee.

Before CHOY, CANBY, and FERNANDEZ, Circuit Judges.

Opinion by Judge CHOY; Partial Concurrence and Partial Dissent by Judge FERNANDEZ.

CHOY, Circuit Judge:

Fred Lowenschuss appeals the district court's reversal of the bankruptcy court's decision. The district court held that the bankruptcy court erred when it (1) refused to allow Resorts International, Inc. ("Resorts") to withdraw its proofs of claim from Lowenschuss's bankruptcy proceedings without prejudice; (2) discharged all claims against the Fred Lowenschuss Associates Pension Plan (the "Pension Plan") when it confirmed Lowenschuss's Chapter 11 reorganization plan (the "Reorganization Plan"); and (3) retained jurisdiction over litigation between Resorts and the Pension Plan regarding an allegedly unauthorized transfer of money in exchange for Resorts stock. We affirm the district court's decision.

## I.

In 1970, Lowenschuss established Fred Lowenschuss Associates, a professional corporation, with a Pension Plan for all employees of Fred Lowenschuss Associates. During the time period relevant to this appeal, Lowenschuss has been the trustee, administrator, sponsor, and sole beneficiary of the Pension Plan.[1] The Pension Plan held assets valued in the neighborhood of $8,000,000, which included substantial holdings in Resorts stocks and bonds.

### Resorts's complaint

On September 26, 1989, Resorts filed an action against Lowenschuss, individually and as trustee of the Fred Lowenschuss IRA and the Laurance Lowenschuss IRA, in the United States District Court for the Eastern District of Pennsylvania.[2] Resorts claimed that Lowenschuss willfully and intentionally defrauded Resorts of $3,805,200 by tendering shares of Resorts stock for $36 per share when he knew that an appraisal proceeding was pending. Resorts sought to rescind the transaction on the grounds of unilateral mistake, fraud, and illegality of contract. On November 1, 1990, Resorts amended its complaint, adding claims for fraudulent conveyance.

By the time the amended complaint was filed, Resorts had filed for Chapter 11 reorganization in the United States Bankruptcy Court for the District of New Jersey ("New Jersey Bankruptcy Court"). Accordingly, Resorts's action against Lowenschuss was removed to the New Jersey Bankruptcy Court.

On February 9, 1992, the New Jersey Bankruptcy Court denied Lowenschuss's motion for summary judgment and/or dismissal of Resorts's complaint and granted in part Resorts's cross-motion for summary judgment, finding that the transaction between Resorts and Lowenschuss was an illegal contract. The court left the remedies of recision and restitution open for trial.

On June 16, 1992, because the New Jersey Bankruptcy Court could not ascertain the location of the money received in exchange for the allegedly illegally tendered Resorts stock, in order to enjoin the dissipation or transfer of the money, it entered an order which broadly applied to Lowenschuss, both personally and as the representative or trustee of "any fund," including the Fred Lowenschuss IRA, the Laurance Lowenschuss IRA, and the Pension Plan.

### Lowenschuss Files for Chapter 11 Reorganization

On August 24, 1992, Lowenschuss commenced a voluntary Chapter 11 reorganization in the United States Bankruptcy Court for the District of Nevada ("Nevada Bankruptcy Court"). Resorts alleges that it was prepared to try its New Jersey fraud case against Lowenschuss weeks before Lowenschuss filed for Chapter 11. Upon the commencement of Lowenschuss's Chapter 11 bankruptcy in the Nevada Bankruptcy Court, Resorts's action against Lowenschuss in the

---

1. In July of 1991, Laurance Lowenschuss began acting as a trustee of the Pension Plan.

2. The caption has been modified by the New Jersey Bankruptcy Court, which took over the case, to include Lowenschuss individually and as trustee of the Pension Plan as defendants in the action. *Resorts Int'l, Inc. v. Lowenschuss (In re Resorts Int'l, Inc.)*, Nos. 89–10119, 89–10120, 89–10461, 89–10462 (Bankr.D.N.J. June 13, 1995). The Order clarifies that the trustee of the Pension Plan "is and has been a party to this action." *Id.* at 2.

New Jersey Bankruptcy Court was automatically stayed pursuant to 11 U.S.C. § 362(a).

On March 8, 1993, Lowenschuss filed a Disclosure Statement and a Reorganization Plan. These documents revealed that Lowenschuss's ex-wife, Beverly Selnick, was the largest creditor in Lowenschuss's bankruptcy estate with a claim of $5.3 million. The Disclosure Statement indicated that Resorts's New Jersey action against the Pension Plan was a primary reason for Lowenschuss's Chapter 11 filing and classified the action as litigation affecting the bankruptcy estate.

The Reorganization Plan included a "Global Release" provision, which released numerous parties, including Lowenschuss and the Pension Plan, from all claims upon confirmation of the Reorganization Plan. Furthermore, the Reorganization Plan provided that it was being funded both by Lowenschuss's income from the Pension Plan and by the Pension Plan directly.

On May 25, 1993, Resorts, believing that the transferred money might constitute property of Lowenschuss's bankruptcy estate, asserted itself as the second largest creditor. Resorts filed two proofs of claim, one in an unliquidated amount, and the other in the amount of $3,805,200 plus interest. As the basis for the claims, Resorts annexed copies of its complaint and amended complaint against Lowenschuss. On June 24, 1993, Lowenschuss filed an objection to Resorts's claims on the grounds that (1) the claim has no legal basis because shareholders were permitted to withdraw their claim for appraisal and surrender shares for payment; (2) the claim has no legal basis because Resorts paid no money to Debtor; (3) in Resorts's bankruptcy proceeding, the judge entered a global release which released all shareholders who received $36 a share from all possible claims; (4) Resorts or its designee received full consideration for any payment made by receipt of stock in Resorts; and (5) Resorts received the same payment for stock from the Pension Plan as it did from all other shareholders who tendered stock.

On July 21, 1993, the Nevada Bankruptcy Court ruled that the Pension Plan was exempt from Lowenschuss's bankruptcy estate. *In re Lowenschuss*, No. BK–N–92–3174–JHT at 3 (Bankr.D.Nev. July 21, 1993) (the "Pension Plan Exemption Order").[3]

On September 17, 1993, Resorts filed an objection to the confirmation of the Reorganization Plan, arguing that the bankruptcy court does not have the power to grant the Global Release Provision because the provision purports to release claims against non-debtors, such as the Pension Plan. At the September 23, 1993 hearing on objections to the proposed plan, the Nevada Bankruptcy Court ruled that the Global Release Provision was improper and held that the Provision could not release non-debtors such as the Pension Plan.

The trial on Resorts's claim against Lowenschuss's bankruptcy estate had been postponed until October 14, 1993. Two weeks before the trial was to take place, Resorts moved to withdraw its proofs of claim from Lowenschuss's bankruptcy proceedings without prejudice and with certain conditions.[4] By this time, Resorts had ascertained that the Pension Plan, which had been exempted from Lowenschuss's bankruptcy estate, held the allegedly illegally transferred funds. And on September 23, 1993, the Nevada

---

3. On August 19, 1994, the Nevada District Court vacated the Pension Plan Exemption Order and remanded for further fact-finding. *Selnick v. Lowenschuss (In re Lowenschuss)*, No. CV–N–93–565–ECR (Bankr.D.Nev. Aug. 19, 1994). When Lowenschuss appealed from this ruling, this court dismissed the appeal for lack of appellate jurisdiction. *Selnick v. Lowenschuss (In re Lowenschuss)*, No. 94–16618 (9th Cir. Dec. 9, 1994). Consequently, to this date, the issue of whether the Pension Plan, or Lowenschuss's interest in the plan, is property of the Lowenschuss bankruptcy estate remains unresolved.

4. Technically, in its motion to withdraw its proofs of claim, Resorts requested withdrawal *with* prejudice, but the conditions that it requested—that it be permitted to reinstate its proofs of claim in the bankruptcy estate should the Pension Plan become part of the estate upon a reversal of the bankruptcy court's Pension Plan Exemption Order and that it remain a party in interest to the bankruptcy—rendered its request the functional equivalent of a motion to withdraw *without* prejudice. Accordingly, we treat the requested withdrawal as such. Even Lowenschuss concedes that Resorts originally sought to withdraw without prejudice. *See* Brief of Appellee at 7, 8.

Bankruptcy Court had ruled that the Reorganization Plan could not grant general releases to non-debtors like the Pension Plan. In light of these rulings, and because Resorts's complaint was essentially against the Pension Plan, Resorts argued that it would be futile for it to litigate against Lowenschuss's bankruptcy estate and unnecessary for it to continue to assert itself as a creditor in his bankruptcy estate. Resorts sought to withdraw conditionally, such that (1) it could reinstate its proofs of claim if that the Pension Plan Exemption Order were reversed on appeal or the bankruptcy court later consolidated the Pension Plan with the Debtor's estate; and (2) it would remain a party in interest in the case.

A hearing was held on Resorts's motion to withdraw its proofs of claim on October 12, 1993. At the hearing, the Nevada Bankruptcy Court denied Resorts's motion to withdraw conditionally and gave Resorts a choice between withdrawing its claim with prejudice and without conditions or proceeding to litigate its claim against Lowenschuss's bankruptcy estate, as it was then constituted, on the merits. When Resorts hesitated, the court denied the motion to withdraw. Resorts appealed this ruling and moved to stay further proceedings pending the appeal. On October 13, 1993, the Nevada District Court denied Resorts's emergency motion for a stay of further proceedings.

On October 14, 1993, the day the hearing on Resorts's claim was scheduled to begin, Resorts moved to withdraw unconditionally its proofs of claim from Lowenschuss's bankruptcy estate with prejudice. Over Lowenschuss's objections, the Nevada Bankruptcy Court granted the motion.

On October 27, 1993, the confirmation hearing for Lowenschuss's Reorganization Plan was held. Lowenschuss's counsel presented the originally-proposed Reorganization Plan, which included the Global Release Provision that Resorts previously had disputed. Lowenschuss's counsel justified the reintroduction of the original plan by arguing that Resorts was no longer a creditor and its objections should be ignored. When Resorts attempted to protest the confirmation, the Nevada Bankruptcy Court denied Resorts an opportunity to speak, reasoning that Resorts was no longer a party to the bankruptcy.

On October 28, 1993, the Nevada Bankruptcy Court confirmed Lowenschuss's Reorganization Plan, including the Global Release Provision. Furthermore, in the Confirmation Order, the bankruptcy court retained jurisdiction over future litigation between Resorts and Lowenschuss, individually and/or as trustee of the Pension Plan, and Lowenschuss's interest in the Pension Plan. Since the question of retaining jurisdiction appeared for the first time in the signed Confirmation Order, Resorts was never given an opportunity to object.

*District Court's Ruling*

Resorts appealed the Nevada Bankruptcy Court's Orders of October 12, 14, and 28, 1993. On June 9, 1994, the Nevada District Court ruled in Resorts's favor, holding that the bankruptcy court abused its discretion when it refused to allow Resorts to withdraw conditionally its proofs of claim. The district court reasoned that Resorts should have been permitted to withdraw with the condition that if the Pension Plan Exemption Order were reversed, it could reassert its proofs of claim.

The district court also vacated the Global Release Provision, finding that the bankruptcy court had no authority to discharge the liabilities of non-debtors, including the Pension Plan.

Finally, the district court vacated the bankruptcy court's assertion of jurisdiction over Resorts's future litigation against the non-debtor Pension Plan. The district court ruled that the bankruptcy court cannot assert jurisdiction over litigation between third parties, such as Resorts and the Pension Plan, where the litigation will not affect the bankruptcy estate.

Lowenschuss timely appealed the district court's decision, and we have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291.

## II.

### A. RESORTS'S VOLUNTARY WITHDRAWAL WITH PREJUDICE

#### 1. *Mootness*

First, we must consider whether Resorts's appeal from the bankruptcy court's refusal to

permit Resorts to withdraw without prejudice its proofs of claim from Lowenschuss's bankruptcy estate is mooted by Resorts's subsequent voluntary unconditional withdrawal with prejudice.

■ Just as a plaintiff may appeal a voluntary dismissal *without* prejudice when the trial court has imposed a legally prejudicial condition on the dismissal, *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603–04 (5th Cir.1976), so too may a plaintiff appeal a voluntary dismissal *with* prejudice. *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 556 (9th Cir.1986) ("a dismissal with prejudice ... [is] appealable, whether voluntary or involuntary.") (citation omitted), *cert. denied*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987), *and cert. denied*, 484 U.S. 823, 108 S.Ct. 85, 98 L.Ed.2d 47 (1987); *see also Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1342 (9th Cir.1985), *corrected*, 773 F.2d 1049 (9th Cir.1985) ("While a plaintiff cannot appeal a voluntary dismissal without prejudice [unless a condition is imposed that creates legal prejudice], he or she may appeal a dismissal with prejudice."). The bankruptcy court's refusal to permit Resorts to withdraw conditionally its proofs of claim is therefore appealable.

■ Contrary to Lowenschuss's argument, we are in position to fashion effective and equitable relief for Resorts on this issue. *See Spirtos v. Moreno (In re Spirtos)*, 992 F.2d 1004, 1007 (9th Cir.1993). We find that the bankruptcy court abused its discretion by refusing to allow Resorts to withdraw its proofs of claim from Lowenschuss's bankruptcy estate without prejudice. We therefore reverse this refusal. The bankruptcy court provided Resorts with no real alternative but to withdraw its proofs of claim with prejudice and without conditions. Resorts attempted to stay the bankruptcy court's order refusing a conditional withdrawal pending its appeal of the ruling, but to no avail. We can fashion effective relief by requiring that Resorts's withdrawal is without prejudice, with the requested conditions. If the Nevada Bankruptcy Court determines that the Pension Plan is part of Lowenschuss's estate, Resorts will be entitled to reinstate its proofs of claim.

2. *The bankruptcy court's refusal of Resorts's request for a conditional withdrawal*

■ We review de novo the district court's decision on an appeal from a bankruptcy court, applying the same standard of review to the bankruptcy court's findings as did the district court. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990). We review for abuse a bankruptcy court's exercise of discretion over a creditor's voluntary withdrawal of claims. *See Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir.1993) ("district court's determination of the terms and conditions of dismissal under Fed.R.Civ.P. 41(a)(2) is reviewed for abuse of discretion."); *see also Lawler v. Guild, Hagen & Clark, Ltd., (In re Lawler)*, 106 B.R. 943, 951 (Bankr. N.D.Tex.1989) (bankruptcy court's decision to grant withdrawal of proof of claim subject to review for abuse of discretion).

■ We recognize that the bankruptcy court's exercise of discretion should not be disturbed unless we have " 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir.1994) (quoting *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1278 (9th Cir.1980)).

■ Federal Rule of Bankruptcy Procedure 3006, which is governed by the same considerations underlying Federal Rule of Civil Procedure 41(a)(2), provides that voluntary dismissals should be granted only upon an order of the bankruptcy court which "shall contain such terms and conditions as the court deems proper." Fed.R.Bankr.P. 3006; *see id.*, Advisory Committee Note (1984). In deciding whether to grant a voluntary dismissal, a trial court must consider whether the defendant will suffer legal prejudice as a result of the court's dismissal. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir.1994); *see also LeCompte*, 528 F.2d at 604 ("[We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice *other than the mere prospect of a second lawsuit*.") (emphasis in original) (citations

omitted) (cited with approval in *Unioil*, 809 F.2d at 556).

In *LeCompte*, 528 F.2d at 602, the plaintiff requested a voluntary dismissal without prejudice. In granting the dismissal, the district court attached several conditions, one of which was a requirement that the plaintiff preliminarily prove his case before relitigating. *Id.* at 604. The Fifth Circuit vacated and remanded the conditional dismissal because the district court failed to consider whether the defendant would be prejudiced legally by an unconditional dismissal and because, if such prejudice existed, the court failed to explain how the imposition of its conditions would alleviate legal prejudice to the defendant. The district court was instructed to "better determine what interests are at stake and to fashion only such conditions as are necessary to protect the legitimate interest of defendants." *Id.* at 605.

*LeCompte* is instructive on the issue at bar. The Nevada Bankruptcy Court appears to have denied summarily Resorts's request for a conditional withdrawal in its hurry to settle all of Resorts's claims against Lowenschuss's estate without considering "what interests are at stake." *Id.* The bankruptcy court did not consider adequately the fact that, at the time of its ruling, Resorts would have been litigating against the wrong defendant if it had gone ahead with the trial against Lowenschuss's bankruptcy estate because the Pension Plan had been exempted from the estate. Nor did the bankruptcy court properly consider the fact that dismissing Resorts's proofs of claim with prejudice would preclude Resorts from asserting its interest against the Pension Plan if the Pension Plan Exemption Order later were reversed and the Pension Plan again became a part of Lowenschuss's bankruptcy estate. Nor did the bankruptcy court consider whether Lowenschuss would be prejudiced legally by permitting Resorts to withdraw conditionally.

The following excerpt from the hearing transcript supports the conclusion that the bankruptcy court denied the conditional withdrawal without addressing any of Resorts's arguments and without finding that Lowenschuss would be prejudiced legally by a conditional dismissal:

Mr. Goodenow [Resorts's counsel]: And all our motion asks for, your Honor, is that we be allowed to withdraw the claim with prejudice with the condition that we can come back in if you're reversed on appeal on the order as to the pension plan. It's a pretty si—it's really not aggressive, an aggressive type of relief we're requesting for. We're just asking that this case go forward in an orderly fashion.

The Court: Why don't we go ahead and just hear [the claim] Thursday.

Mr. Smith [Lowenschuss's counsel]: Let's do that. That's—

The Court: Fine.

Mr. Goodenow: Your Honor, that does not make any sense for Resorts to pursue it in that manner.

The Court: Well,—

Mr. Goodenow: First of all, the order—the action's pending—

The Court: —you're the one that filed the claim.

Mr. Goodenow: That's correct. But it was filed before the objection to—Resorts' objection to the plan in this case was heard. And before the Court ruled with respect to the pension plan, that the pension plan was exempt, you remember that the—there was significant. . . .

      *    \*    \**

The Court: I'm either going to hear it Thursday or I'm going to get rid of it forever. Now which one, which do you want?

*In re Lowenschuss*, Reporter's Transcript of Hearing, No. BK-R 92-31474-JHT at 23-24 (Bankr.D.Nev. Oct. 12, 1993). When asked what the outcome would be if the Pension Plan were later deemed part of Lowenschuss's bankruptcy estate, the bankruptcy judge replied, "That's just tough. That's tough." *Id.* at 27.

Furthermore, there is no evidence that Lowenschuss would be prejudiced legally by a dismissal of Resorts's proofs of claim without prejudice. At most, Lowenschuss has been inconvenienced by expending time and resources in preparing for the trial and we have held that "[t]he inconvenience of defending another lawsuit or the fact that the

defendant has already begun trial preparations does not constitute prejudice." *Hyde & Drath,* 24 F.3d at 1169. We also note that the inconvenience Lowenschuss has suffered is lessened by the fact that Lowenschuss's trial preparation will likely be relevant to defending the New Jersey action.[5]

In light of the foregoing, we conclude that the Nevada Bankruptcy Court committed a clear error of judgment in denying Resorts's request for conditional withdrawal. We therefore affirm the district court's reversal of that denial. *See LeCompte,* 528 F.2d at 605.

## B. THE BANKRUPTCY COURT ERRED IN CONFIRMING A REORGANIZATION PLAN WHICH RELEASES CLAIMS AGAINST NON–DEBTORS

■ The district court vacated the Global Release Provision, holding that the bankruptcy court lacked the power to approve the provision which released claims against non-debtors. Whether a bankruptcy court has the power to release claims against a non-debtor is a question of law which we review de novo. *See Sousa v. Miguel (In re United States Trustee),* 32 F.3d 1370, 1372 (9th Cir. 1994).

■ Lowenschuss's Reorganization Plan contained the following provision which broadly released the debtor and connected persons or entities, including the Pension Plan, from all claims:

> Global releases will be given to Debtor, Debtor's children ... Fred Lowenschuss Associates, a professional corporation, Fred Lowenschuss Associates Pension Plan, as well as releasing of all liens against all trusts, custodian accounts, pension plan, Fred Lowenschuss Associates and satisfying of all outstanding judgments, executions, and levies against the aforementioned or any person or entity connected with them.

5. Lowenschuss maintains that it would be unfair to allow Resorts to withdraw its claim days before the scheduled trial after he had expended a large sum of money and time in preparation. A possible remedy for this, however, is not for the district court to dismiss Resorts's claim with prejudice but for it to permit withdrawal without prejudice and to award attorney's fees if appro-

Plan of Reorganization ¶ 5D. The Order confirming the Plan elaborated:

> Entry of this Order shall constitute a release of all liens, levies, freezes, attachments and garnishments against Debtor, individually or as trustee, held or claimed to be held by Beverly Selnick, Resorts International, Inc., or anyone else, or issued by this Court or by any other court, and collections sought by Beverly Selnick by reason of any judgment, or for any other reason, against the Debtor, the Fred Lowenschuss Associates Pension Plan, Fred Lowenschuss Associates, a professional corporation, the Debtor's children ..., as well as all trusts and custodian accounts managed by Debtor.

Confirmation Order ¶ 4.

Primarily relying on other circuits' precedent, Lowenschuss argues that the Global Release Provision was appropriate. We disagree.

■ The bankruptcy court lacks the power to confirm plans of reorganization which do not comply with applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). Pursuant to 11 U.S.C. § 524(a), a discharge under Chapter 11 releases the debtor from personal liability for any debts. Section 524 does not, however, provide for the release of *third parties* from liability; to the contrary, § 524(e) specifically states that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e).

This court has repeatedly held, without exception, that § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors. *American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.),* 885 F.2d 621, 626 (9th Cir.1989); *Underhill v. Royal,* 769 F.2d 1426, 1432 (9th Cir.1985); *Commercial Wholesal-*

priate. *See Kern v. TXO Production Corp.,* 738 F.2d 968, 972 (8th Cir.1984) ("The rule has long prevailed in both law and equity that a plaintiff may dismiss the case without prejudice only by payment of the costs...") (quoting *Home Owners' Loan Corp. v. Huffman,* 134 F.2d 314, 317 (8th Cir.1943)).

ers, Inc. v. Investors Commercial Corp., 172 F.2d 800, 801 (9th Cir.1949); *see also Sun Valley Newspapers, Inc. v. Sun World Corp. (In re Sun Valley Newspapers, Inc.),* 171 B.R. 71, 77 (9th Cir. BAP 1994) (holding reorganization plans which proposed to release non-debtor guarantors violated § 524(e) and were therefore unconfirmable); *Seaport Automotive Warehouse, Inc. v. Rohnert Park Auto Parts, Inc. (In re Rohnert Park Auto Parts, Inc.),* 113 B.R. 610, 614–17 (9th Cir. BAP 1990) (finding that a reorganization plan provision which enjoined creditors from proceeding against co-debtors violated § 524(e)); *In re Keller,* 157 B.R. 680, 686–87 (Bankr. E.D.Wash.1993) (refusing to confirm a reorganization plan that compelled a creditor to release liens against a non-debtor's property).

In *American Hardwoods,* 885 F.2d at 625–26, we explicitly rejected the argument—advanced by Lowenschuss today—that the general equitable powers bestowed upon the bankruptcy court by 11 U.S.C. § 105(a) permit the bankruptcy court to discharge the liabilities of non-debtors. Noting that "section 105 does not authorize relief inconsistent with more specific law," we concluded "the specific provisions of section 524 displace the court's equitable powers under section 105 to order the permanent relief [against a non-debtor] sought by [the debtor]." *Id.* at 625–26.

In essence, Lowenschuss argues that in *American Hardwoods* we recognized an exception to § 524(e)'s prohibition on discharging the liabilities of non-debtors and urges us to find that the exception applies here. Lowenschuss looks to our discussion, in *dictum* in *American Hardwoods,* 885 F.2d at 626–27, of the Fourth Circuit's decision in *Menard–Sanford v. Mabey (In re A.H. Robins Co.),* 880 F.2d 694 (4th Cir.), *cert. denied,* 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989), as

indicating our approval of the Fourth Circuit's approach. Lowenschuss ignores the clear language of *American Hardwoods,* where we expressly declined to adopt the approach set forth in *In re A.H. Robins;* we stated, in *dictum,* "[e]ven if we adopted *In re A.H. Robins Co.* ..., it would not dictate a different result." *American Hardwoods,* 885 F.2d at 626.[6]

Accordingly, because the Global Release Provision is contrary to § 524(e) of the Bankruptcy Code, we affirm the district court's decision vacating the Global Release Provision.

## C. THE BANKRUPTCY COURT'S JURISDICTION OVER RESORTS'S CLAIM AGAINST THE PENSION PLAN

■ Finally, Lowenschuss has waived consideration of the issue of whether the bankruptcy court improperly retained jurisdiction over future litigation of Resorts's claim against the Pension Plan because Lowenschuss failed to argue the issue in either his opening or his reply brief. An issue not discussed in a brief, although mentioned in the Statement of Issues, is deemed to be waived. *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (citation omitted); *see also Simpson v. Union Oil Co.,* 411 F.2d 897, 900 n. 2 (9th Cir.) (issues referred to in appellant's Statement of the Case and Specifications of Error but not discussed in the briefs deemed to be abandoned), *rev'd on other grounds by* 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13 (1969).

---

**6.** A recent amendment to the Bankruptcy Code buttresses our conclusion that § 524(e) does not permit bankruptcy courts to release claims against non-debtors. The Bankruptcy Reform Act of 1994 added § 524(g) to the Code. That section provides that in asbestos cases, if a series of limited conditions are met, an injunction issued in connection with a reorganization plan may preclude litigation against third parties. The numerous requirements of § 524(g) make it clear that this subsection constitutes a narrow

rule specifically designed to apply in asbestos cases only, where there is a trust mechanism and the debtor can prove, among other things, that it is likely to be subject to future asbestos claims. *See* 11 U.S.C. § 524(g)(2)(B).

That Congress provided explicit authority to bankruptcy courts to issue injunctions in favor of the third parties in an extremely limited class of cases reinforces the conclusion that § 524(e) denies such authority in other, non-asbestos, cases.

### III.

Therefore, we AFFIRM the district court's ruling reversing the bankruptcy court's refusal to allow Resorts to withdraw its claims without prejudice, and we AFFIRM the district court's decision to vacate the Global Release Provision.

**AFFIRMED.**

FERNANDEZ, Circuit Judge, concurring and dissenting:

I concur with all but part II.A of the majority opinion, but dissent as to that part.

First of all, it is important to say what this case is not. This is not a case where a party sought to obtain a dismissal without prejudice and was then either denied that outright or subjected to intolerable terms and conditions. Far from it. Resorts asked that the case be dismissed with prejudice but asked for special terms and conditions that would bind the bankruptcy court to allowing Resorts to come back into this very case at some future time. It also wanted a condition that would permit it to remain a party-in-interest even though its claim had been dismissed at its own behest. It wanted to retain all of the rights of a party to the case while avoiding the necessity of a trial. In other words, Resorts claims that it should be allowed to tell the bankruptcy court if and when that court is permitted to adjudicate the basic issue in the Lowenschuss reorganization: did Mr. Lowenschuss himself commit fraud upon Resorts either for his own benefit or for someone else's? The bankruptcy court said that the time had come to try that issue, but Resorts disagreed. Resorts wanted to decide when and where it would pursue its assertion that Lowenschuss committed a wrong, but it never for one moment eschewed the pursuit. It wanted to control the bankruptcy court's calendar.

Of course, the bankruptcy court did not require Resorts to withdraw its claim with prejudice after Resorts had merely made a voluntary withdrawal motion. That court, at all times, afforded Resorts the right to go forward with its claim, even though Resorts

thought that might turn out to be a useless act.[1] If Resorts thought that withdrawal of its claim without the special conditions it demanded would be too burdensome, it could have proceeded with the case on the merits. *See Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930–31 (9th Cir.1986) (per curiam order); *see also Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2nd Cir.1988).

Again, Resorts did not simply want to obtain a voluntary dismissal, which was denied to it. *Cf. Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir.1994). It wanted a voluntary dismissal with prejudice and with a guarantee that it could stay in the fray at the same time. In my view, it was not entitled to that and still is not. It, like others who dismiss their actions, simply had to abide the vicissitudes of the future. Perhaps it would want to return, perhaps not. Perhaps it would be able to return, perhaps not. It was not entitled to an advance declaration that would allow it to continue participating in the bankruptcy proceedings and that would require the bankruptcy court to conduct all further proceedings with an eye on the possibility that Resorts would later demand a trial of the issue in question.

In fine, Resorts might have been permitted to leave this case and to hope that it could find a procedural way back in, if it found that necessary. Resorts was not permitted to dictate how the bankruptcy court was to handle the case, its calendar, and any possible later request by Resorts to return to the case.

Therefore, I respectfully dissent as to Part II.A.

**1.** I am dubious about Resorts's premise. By any account, Lowenschuss, the alleged wrongdoer, was the trustee, administrator, and sole beneficiary of the Pension Plan. Could it be that the Plan would not be bound by an adjudication that he had committed fraud when he engaged in the redemption transaction on its behalf? I doubt it.