## Steven David FABISH, Plaintiff–Appellant,

v.

## William J. HENDERSON, in his capacity as Postmaster General of the United States Postal Service; United States of America Defendant–Appellees.

No. 02–55729.

D.C. No. CV–99–10203–CAS.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.\*

Decided April 21, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

## MEMORANDUM\*\*

Steven David Fabish, a letter carrier for the United States Postal Service, appeals

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court's summary judgment dismissal of his action alleging wrongful termination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621(a)(1), and state tort law.[1] We affirm.

(1) Fabish has failed to make out a prima facie case of age discrimination under either the disparate treatment or the disparate impact theory. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir.1990); *Palmer v. United States*, 794 F.2d 534, 537 (9th Cir.1986). Fabish's claim of disparate treatment fails because, inter alia, he has not shown that he was replaced with a younger employee or that he was treated less favorably than similarly situated younger employees. *See Rose*, 902 F.2d at 1423; *see also Villiarimo v. Aloha Island Air. Inc.*, 281 F.3d 1054, 1062 (9th Cir.2002). His disparate impact argument also fails because he has not shown that the so-called "canary policy" has a greater effect on older employees; nor has he provided statistical evidence in support of the argument. *See Rose*, 902 F.2d at 1424; *Palmer*, 794 F.2d at 538–39.

(2) Fabish does not dispute that unless there is an exception, his state law claims of intentional infliction of emotional distress and wrongful termination are preempted by the ADEA. *See, e.g., Chennareddy v. Bowsher*, 935 F.2d 315, 318 (D.C.Cir.1991). However, he has been unable to demonstrate that an exception to preemption applies to his case. The "exceeding authority" exception he relies upon is limited to cases brought against officials who claim immunity. It is wholly inapplicable to statutory preemption in general and to the facts of this case in particular because, among other things, Fabish has not sued any of the allegedly offending officers individually. *See Butz v. Economou*, 438 U.S. 478, 485–96, 98 S.Ct. 2894, 2900–05, 57 L.Ed.2d 895 (1978); *Miller v. Gammie*, 292 F.3d 982, 987 (9th Cir.2002); *F.E. Trotter, Inc. v. Watkins*, 869 F.2d 1312, 1314 (9th Cir.1989); *Gregoire v. Biddle*, 177 F.2d 579, 581 (2nd Cir.1949).[2]

AFFIRMED.

---

1. Fabish's claims of retaliation and disability discrimination, which were brought before the district court, are waived because Fabish did not argue those claims in his opening brief. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999). Mere generalized allusions to issues will not suffice. *See* Fed. R.App. P. 28(a)(9); *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1402 (9th Cir.1995).

2. At the district court, Fabish did argue for another exception—personal violation. However, he has not raised the issue here, so it is waived. *See Smith*, 194 F.3d at 1052; *Boldt v. Crake (In re Riverside–Linden Inv. Co.)*, 945 F.2d 320, 324 (9th Cir.1991). In any event, the facts here do not fall within that concept. *See Sommatino v. United States*, 255 F.3d 704, 711–12 (9th Cir.2001)