**M2 SOFTWARE INC., a Delaware corporation, Plaintiff—Appellant,**

v.

**M2 COMMUNICATIONS, L.L.C., a limited liability company, et al., Defendants—Appellees.**

No. 02–57028.

D.C. No. CV–02–01588–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2003.

Decided Aug. 13, 2003.

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM *

M2 Software argues that the district court erred in determining the size of its business operations. However, we must accept the district court's findings regarding the scale of M2 Software's business

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

unless we have a "definite and firm conviction that a mistake has been committed,"[1] and we do not.

M2 Software also argues that the district court erred by failing to consider likelihood of confusion as to "source" and focused only on likelihood of confusion as to goods. However, the district court employed the analysis from *AMF v. Sleekcraft Boats*[2] in evaluating M2 Software's assertions regarding likelihood of confusion. In so doing, the district court did evaluate whether a likelihood of confusion as to source exists in the minds of consumers.[3]

 M2 Software argues that the district court erred by failing to consider the doctrine of reverse confusion. However, M2 Software's mere use of the term "vice versa" was insufficient to raise this issue properly to the district court. As neither M2 Software's first amended complaint nor motion clearly raised this issue to the district court, we decline to consider it on appeal.[4]

■ Finally, M2 Software argues that the district court improperly applied the *Sleekcraft* factors in evaluating whether M2 Communications's use of the M2 mark would create a likelihood of confusion. We disagree. Although the district court erred in considering M2 Software's sales and advertising in determining the "strength" of its mark,[5] we find that the district court's application of the *Sleekcraft* factors as a whole did not amount to an abuse of discretion. Further, because M2 Software's federal registration and the incontestability of that registration go to the ownership of the M2 mark, they do not bear on the M2 mark's strength and do not affect the likelihood of confusion analysis.[6]

■ M2 Software's arguments raised in the questions presented or its reply brief but not argued in the opening brief are waived.[7]

The appeal as to Gaylord is moot, and must therefore be dismissed, because the district court dismissed the case against Gaylord for lack of jurisdiction.

AFFIRMED in part and DISMISSED in part.

---

1. *See Gonzalez–Caballero v. Mena,* 251 F.3d 789, 792 (9th Cir.2001).

2. 599 F.2d 341 (9th Cir.1979).

3. *See KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.,* 328 F.3d 1061, 1072–73 (9th Cir.2003) (citations omitted) ("Likelihood of confusion exists when consumers viewing the mark would probably assume that the goods it represents are associated with the *source of a different product identified by a similar mark....* The Ninth Circuit generally relies on an eight-factor test [*Sleekcraft*] in determining whether a likelihood of confusion exists.") (emphasis added).

4. *Cf. Slaven v. Am. Trading Transp. Co., Inc.,* 146 F.3d 1066, 1069 (9th Cir.1998) (stating it is "well-established that an appellate court will not consider issues that were not properly raised before the district court").

5. *See Dreamwerks Prod. Group, Inc. v. SKG Studio,* 142 F.3d 1127, 1130 (9th Cir.1998) (arbitrary and fanciful marks are inherently "strong").

6. *KP Permanent Make–Up,* 328 F.3d at 1067. *Miss World (UK), Ltd. v. Mrs. America Pageants, Inc.,* 856 F.2d 1445, 1448–49 (9th Cir. 1988); *Oreck Corp. v. U.S. Floor Systems, Inc.,* 803 F.2d 166, 171 (5th Cir.1986) ("Incontestable status does not make a weak mark strong."). *See also* McCarthy on Trademarks § 32.154.

7. *See Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss),* 67 F.3d 1394, 1402 (9th Cir. 1995) (deeming as waived inadequately raised issues). *See also* Fed. R.App. P. 28.