**Vinod BHALLA, Petitioner,**

v.

**John ASHCROFT, United States Attorney General, Respondent.**

No. 02–73349.

Agency No. A75–682–983.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2004.*

Decided April 14, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Isaac R. Campbell, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

### MEMORANDUM**

Vinod Bhalla, a native and citizen of India, petitions for review of the Board of Immigration Appeals' denial of his application for asylum and withholding of removal. We deny his petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."

*Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en banc). And either must be on account of a protected ground. *Id.*

Here, Bhalla's claim to asylum fails because the IJ's decision was the final agency action and the IJ determined that Bhalla was not persecuted on account of a political opinion. That determination was supported by substantial evidence, which demonstrates that the harm visited upon Bhalla was pure economic extortion. *See Khourassany v. INS*, 208 F.3d 1096, 1098–99, 1100–01 (9th Cir.2000). Thus, our cases which deal with extortion based upon the imputation of political opinion are inapposite. *See Agbuya v. INS*, 241 F.3d 1224, 1229–30 (9th Cir.2001); *Yazitchian v. INS*, 207 F.3d 1164, 1168 (9th Cir.2000); *Desir v. Ilchert*, 840 F.2d 723, 727–28 (9th Cir. 1988). We must, therefore, uphold the denial of asylum relief.[1]

We decline to consider Bhalla's assertion that the BIA improperly denied his Convention Against Torture[2] claim because he has failed to properly brief the issue, although he does allude to it and adumbrates a few facts. *See Morales v. Woodford*, 336 F.3d 1136, 1144 n. 14 (9th Cir. 2003); *United States v. Tisor*, 96 F.3d 370, 376 (9th Cir.1996); *United States v. Vought*, 69 F.3d 1498, 1501 (9th Cir.1995);

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Bhalla did not meet the eligibility requirements for asylum, he was not entitled to withholding of removal under 8 U.S.C.

§ 1231(b)(3) either. *See Ghaly*, 58 F.3d at 1429.

2. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

*Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss),* 67 F.3d 1394, 1402 (9th Cir. 1995).

Petition DENIED.