**Humberto VALLIN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70814.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 16, 2004.

Philip J. Karlin, Esq., Karlin & Karlin, APC, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Earle B. Wilson, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Humberto Vallin petitions for review of the Board of Immigration Appeals' termination of his conditional permanent resident status and concomitant denial of permanent residence. *See* 8 U.S.C. § 1186a(c)(2), (4). We deny the petition.

(1) Vallin first asserts that the Immigration and Naturalization Service should have been estopped from claiming that he was not a permanent resident. However, he has not shown that the INS engaged in affirmative misconduct rather than, at most, mere negligence. *See INS v. Miranda,* 459 U.S. 14, 17–19, 103 S.Ct. 281, 283–84, 74 L.Ed.2d 12 (1982) (per curiam); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1184 (9th Cir.2001) (en banc). No deliberate lie or pattern of false promises has been spelled out. *See Mukherjee v. INS,* 793 F.2d 1006, 1009 (9th Cir.1986). Moreover, Vallin fails to show that a serious injustice would result or that the public interest would not suffer unduly if the INS were estopped. *Id.* at 1008–09. Thus, there can be no estoppel.

(2) Next, Vallin asserts that laches should bar the INS because it took too long—eight years—to proceed. But, laches has been consistently rejected as a bar to government action. *See Costello v. United States,* 365 U.S. 265, 281, 81 S.Ct. 534, 542—43, 5 L.Ed.2d 551 (1961); *United States v. Ruby Co.,* 588 F.2d 697, 705 n. 10 (9th Cir.1978). In any event, mere delay will not give rise to laches,[1] and Vallin has failed to spell out any right that the INS deprived him of when it did not act more quickly.

(3) In his brief before us, Vallin alludes to a claimed due process violation by the BIA, but does not support his allusions with legal argument or citations. Thus, the issue is not properly before us. *See*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. *See Costello,* 365 U.S. at 282–84, 81 S.Ct. at 543–44 (twenty-seven year delay in commencement of denaturalization proceeding would not be enough by itself); *see also Beaty v. Selinger (In re Beaty),* 306 F.3d 914, 927–28 (9th Cir.2002).

*Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1402 (9th Cir. 1995); *Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404–05 (9th Cir.1985); *see also Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

(4) Finally, Vallin's claim of ineffective assistance of counsel is not properly before us because he failed to exhaust his administrative remedies by presenting the claim to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir.1995); *Arreaza–Cruz v. INS*, 39 F.3d 909, 912 (9th Cir.1994); *Roque–Carranza v. INS*, 778 F.2d 1373, 1373—74 (9th Cir.1985); *see also Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

Petition DENIED.

---

\* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the