NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 18 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN GONZALES, | No. 13-56543 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00468-AJB-WVG |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 5, 2015
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges and CHHABRIA,[**] District Judge.

Ruben Gonzales applied for disability benefits under an ERISA plan.

Unum, the plan administrator, denied Gonzales's application for benefits.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Vince Chhabria, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Gonzales then brought this action against Unum. The district court affirmed Unum's denial of benefits, and Gonzales appealed. We affirm.

All of Gonzales's arguments on appeal are without merit. Unum properly disclosed the fact that it had communicated with Gonzales's doctors. *See Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 873 n.4 (9th Cir. 2008). The district court adequately considered evidence that Unum had a conflict of interest. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967-69 (9th Cir. 2006) (en banc). And for the reasons expressed in the district court's thorough and well-reasoned decision, Unum did not abuse its discretion in determining whether Gonzales was disabled under the Long-Term Disability Plan.[1]

**AFFIRMED.**

---

[1] Though Gonzales asserted at oral argument that he also intended to challenge the denial of benefits under the Short-Term Disability Plan, any such challenge is waived. *See In re Lowenschuss*, 67 F.3d 1394, 1402 (9th Cir. 1995) ("An issue not discussed in a brief, although mentioned in the Statement of Issues, is deemed to be waived.").