

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICE BROWN, | No. 19-56033 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-00130-DSF-FFM |
| v. | |
| COUNTY OF SAN BERNARDINO; SHERIFF'S DEPARTMENT, Big Bear Station; M. MCCRACKEN, San Bernardino County Deputy Sheriff; MASON, Sergeant; ESTATE OF JEREMIAH MACKAY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 17, 2021**
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Alice Brown appeals pro se the district court's partial grant of qualified immunity and its judgment after a jury verdict on her 42 U.S.C. § 1983 claims against Deputy Marke McCracken and the Estate of Detective Jeremiah MacKay for violating her Fourteenth Amendment right to familial association. We affirm.

The district court properly granted qualified immunity to McCracken for Brown's claim alleging violation of her Fourteenth Amendment right to care, custody, and control of her child based on McCracken's retention and later transfer of her child to San Bernardino County Children and Family Services ("CFS"). We review de novo a district court's grant of summary judgment based on qualified immunity. *See Vazquez v. County of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020). Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009). It is not clearly established that there is a Fourteenth Amendment violation in a situation like the one here, where the child's mother asserts that her rights were violated because her child, who was in protective police custody, was placed with CFS when the whereabouts of a parent or legal guardian was unknown. As a

result, McCracken is entitled to qualified immunity. *See Kisela v. Hughes*, __ U.S.__, __, 138 S. Ct. 1148, 1152, 200 L. Ed. 2d 449 (2018) (per curiam).

Brown also argues for the first time on appeal that the jury was racially biased against her and that the district court's comments during trial prejudiced the jury. We review forfeited rights for plain error. *See Hoard v. Hartman*, 904 F.3d 780, 786–87 (9th Cir. 2018). Brown has not shown any obvious error affecting her substantial rights. Her generalized assertions of systemic racism in America are insufficient to establish actual or implied juror bias. *See Fields v. Woodford*, 309 F.3d 1095, 1103–04 (9th Cir.), *amended by*, 315 F.3d 1062 (9th Cir. 2002). Similarly, Brown has not shown any judicial misconduct. That the district court occasionally stopped Brown from asking witnesses certain questions or from testifying while acting in her role as an advocate does not itself show misconduct, let alone plain error. *See Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008); *Hansen v. Comm'r*, 820 F.2d 1464, 1467 (9th Cir. 1987).

Finally, Brown waived review of whether the district court properly redacted the jury foreperson's name from the verdict form. *See Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1402 (9th Cir. 1995). She also waived review of whether the verdict is supported by substantial evidence. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Even if she had raised the

argument in her opening brief, Brown's failure to make the appropriate motions under Federal Rules of Civil Procedure 50 and 59 precludes this court's review. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 401–04, 126 S. Ct. 980, 985–87, 163 L. Ed. 2d 974 (2006); *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1088–90 (9th Cir. 2007).

**AFFIRMED.**

19-56033