NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKHAIL SOKOL,<br><br>              Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.    20-71361<br><br>Agency No. A094-533-494<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2021[**]
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and HUCK,[***] District Judge.

Mikhail Sokol, a native and citizen of Ukraine, seeks review of the Board of

Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Judge's (IJ) order denying withholding of removal and protection under the Convention Against Torture (CAT). Factual determinations are reviewed for substantial evidence and must be upheld unless the record compels a contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Legal questions are reviewed de novo. *Rivera v. Mukasey*, 508 F.3d 1271, 1274–75 (9th Cir. 2007). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Sokol argues that the IJ erred as a matter of law when it found his armed robbery conviction was a particularly serious crime. We review a finding that an offense constitutes a particularly serious crime for an abuse of discretion. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). "[A] crime is particularly serious if the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc). We determine whether a crime is particularly serious on a case-by-case basis. *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), *superseded by statute in part*, 8 U.S.C. § 1253(h) (1991), *as recognized in Miguel–Miguel v. Gonzales*, 500 F.3d 941, 946 (9th Cir. 2007); *Avendano-Hernandez*, 800 F.3d at 1077. By considering the nature of the conviction, the circumstances and underlying facts of the conviction, and the type of sentence imposed, the IJ applied the correct legal standard and properly

2

exercised its discretion when it concluded that Sokol's armed robbery conviction was a particularly serious crime precluding withholding of removal. *See Frentescu*, 18 I. & N. Dec. at 247; *Delgado*, 648 F.3d at 1107.

Sokol also argues that he should receive withholding of removal because he proved that he was a member of two particular social groups: Pentecostal Christians and Ukrainians presumed to be pro-Russian. But as discussed above, Sokol is not eligible for withholding.

He further argues that he is entitled to protection under the CAT because he demonstrated that he suffered past persecution and that he more likely than not would suffer future persecution should he return to Ukraine. These two arguments—protected social group and persecution—coupled together set out the persecution standard for asylum, not the torture standard for the CAT. To qualify for relief under the CAT, Sokol must demonstrate that it is more likely than not that he would be tortured if removed to Ukraine, and that any torture that he might face would be "inflicted by or at the instigation of or with the consent or acquiescence of" the Ukrainian government. *See* 8 C.F.R. § 208.18(a)(1); *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001). Although in specific situations there can be an overlap, torture is not the same as persecution, and persecution is not always torture. *See Singh v. Whitaker*, 914 F.3d 654 (9th Cir. 2019) (holding that just because the petitioner "suffered persecution in the past

3

does not necessarily mean he [would] be tortured in the future"). Sokol fails to argue that he was or is likely to be tortured. Therefore, Sokol has waived his CAT claim. *In re Lowenschuss*, 67 F.3d 1394, 1402 (9th Cir. 1995) ("An issue not discussed in a brief . . . is deemed to be waived.").

Even if Sokol did not waive his CAT claim, he has not offered sufficient evidence to compel this Court to find that he is eligible for CAT relief. We review an IJ's findings that an applicant is not eligible for relief under the CAT for substantial evidence and remand only if the record compels a contrary conclusion. *Konou v. Holder*, 750 F.3d 1120, 1124 (9th Cir. 2014). Substantial evidence supports the agency's determination that Sokol failed to demonstrate that he would more likely than not be tortured upon his return to Ukraine because the past harm Sokol experienced did not rise to the level of past torture. Substantial evidence also supports the agency's determination that Sokol does not have a reasonable fear of torture by or at the acquiescence of a public official despite his presumed pro-Russian beliefs and Pentecostal Christian faith.

**PETITION DENIED.**[1]

---

[1] Sokol's motion for stay of removal (Dkt. No. 6) is denied as moot. Similarly, Sokol's motions requesting that this Court take judicial notice of the transcript from his underlying criminal conviction and his pending Petition for Writ of Habeas Corpus Proceeding for Ineffective Assistance of Counsel (Dkt. Nos. 13 and 36) are also denied. *See Fisher v. I.N.S.*, 79 F.3d 955, 963 (9th Cir. 1996) ("The Act limits our review to the 'administrative record upon which the deportation order is based and the Attorney General's findings of fact.'" (quoting 8 U.S.C. §

1105a(a)(4))). Even if the Court were to consider the transcript, contrary to Sokol's misrepresentation in his brief, it clearly substantiates the IJ's ruling that Sokol knowingly participated in and was convicted of a particularly serious crime—armed robbery.